## MELTON v. HUBBARD.

EVANS, P. J.  1. A valid agreement may be made between husband and
wife, contemplating an immediate separation, for a separate allowance
to the wife for her support.  *Chapman* v. *Gray,* 8 *Ga.* 341; *Sumner* v.
*Sumner,* 121 *Ga.* 1 (48 S. E. 727).

2. In such an agreement where the husband promises to pay a lump sum
for the wife's support, payable in installments, and the wife dies
before all the installments are paid, her executor may sue for the
unpaid installments as they severally mature.

3. The plaintiff can not include in a suit to recover past-due installments
any installment which matured after the filing of the suit.

4. Other than as indicated in the third headnote the special demurrers are
without merit.

5. Under the ruling in *Chapman* v. *Gray*, 8 *Ga.* 341, the contract sued
   on is not void as being promotive of a separation and dissolution of the
   marital relation, and there was no error in refusing to dismiss the pe-
   tition on general demurrer.

*Judgment affirmed. All the Justices concur, except*

ATKINSON, J., dissenting. I concur in each of the rulings except that
expressed in the fifth headnote. Under a proper construction the con-
tract in question was not a result of separation, but was intended to
promote separation between husband and wife, and contrary to pub-
lic policy. In addition to the cases cited by the majority see also
Hill *v.* Hill, 74 N. H. 288 (67 Atl. 406, 12 L. R. A. (N. S.) 848; and
note, 124 Am. St. R. 966).

SEPTEMBER 22, 1910.

Complaint. Before Judge Felton. Bibb superior court. April
29, 1909.

On March 2, 1907, Gustavus D. Melton and his wife, Otis Irene
Melton, entered into the following contract: "State of Georgia,
County of Bibb. This agreement, made and entered into this the
second day of March, 1907, between Gustavus D. Melton, of the
first part, and his wife Otis Irene Melton, of the second part, wit-
nesseth: That the said Gustavus D Melton, husband, and the said
Otis Irene Melton, wife, have agreed to a voluntary separation as
man and wife, and hereby agree for the future to live separate and
apart: and have agreed upon the following as the terms and condi-
tions of such separation, to wit: That the said Gustavus D. Melton,
husband, agrees to pay to his said wife, Otis Irene Melton, the sum
of fourteen hundred and forty ($1440.00) dollars in full, ample,
and complete settlement of all claims that his said wife, Otis Irene
Melton, may have upon him for alimony either temporary or per-
manent, or for any present or future support that he may owe to her.
That in consideration of said sum so agreed to be paid by the said
Gustavus D. Melton to his said wife, Otis Irene Melton, she hereby
agrees, and does release him from any claim that she may now have,
or may hereafter have, for any alimony, either temporary or perma-
nent, and for support: and if at any time in the future she may
bring suit for divorce, she hereby agrees to release the said Gus-
tavus D. Melton from any claim for attorney's fees to which she
might be entitled under the law. The said sum of money so agreed
upon as aforesaid by the parties to this contract to be paid by the
said Gustavus D. Melton in the sum of forty ($40.00) dollars per
month for the period of thirty-six (36) consecutive months until
paid, beginning on the first day of March, 1907, and is to fall due

on the first day of each succeeding month until paid. And it is further agreed between the parties to this contract that the minor child, Eston Melton, the only child of said marriage, is to remain in the possession, custody, and control of her said husband, Gustavus D. Melton, who is alone under this contract chargeable with the support, maintenance, and education of said minor child. The sum of money agreed to be paid under this contract to the said Otis Irene Melton is to belong absolutely to her, and is not chargeable in any way with the support of said child." (Signed and witnessed).

Thereafter Mrs. Melton died testate, and her executrix brought suit to recover the installments due under the contract, and also prayed to recover such installments as would fall due pending the suit. The defendant demurred generally and specially to the petition. The demurrers were overruled, and the defendant excepted.

*Arthur L. Dasher* and *W. A. McClellan,* for plaintiff in error.

*Ryals, Grace & Anderson,* contra.