SARAH BAREFOOT, respondent,

*v.*

JOHN M. BAREFOOT, appellant.

[Submitted July 6th, 1914. Decided November 16th, 1914.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

It is almost impossible to ascertain the exact truth in a controversy of this nature, and especially difficult to do so at a preliminary hearing on *ex parte* affidavits.

It is, however, apparent that defendant was not at his home, as stated by complainant, at the time the team was harnessed and the wagon loaded preparatory to complainant's departure from the home, and equally apparent that neither of the daughters were there at that time. But defendant admittedly knew of complainant's intended departure on that day, and it is obvious that he made no effort to dissuade her; on the contrary, it is entirely clear that he made it as easy as possible for her to accomplish her purpose. Complainant desired to leave; defendant was glad to have her leave; whether defendant ordered her to leave or not he clearly encouraged her to do so; both obviously preferred separation to continued cohabitation.

The law requires a husband to support his wife. It is his right to require her to receive that support in his home as his wife, unless he has lost that right by his conduct; but his legal duty to support his wife does not cease by reason of her absence from his home at his instance or with his consent. It is only when he desires her presence in his home that her presence in that home can be made a condition precedent to his obligation of support. Until it is made to appear that the wife's absence from her husband's home is without the husband's co-operation or consent or is against his will, the issue as to whether the husband has by his conduct sacrificed his right to her presence in his home is not a live issue. Should the present defendant require his wife's return to his home her right to resist that requirement and receive support away from that home would depend upon whether defendant's conduct has been such as to justify her refusal to return.

Without at this time determining whether defendant's conduct in his home has been of a nature to justify complainant to leave that home and reside elsewhere and there enforce his obligation of support, it seems clear at this time that complainant's absence from her home has not been against the will or wish of defendant at any time, but has, on the contrary, been encouraged by him from its inception; he encouraged her departure and has at no time sought her return. The utmost that he claims at this time is that he made no protest to her going because he knew it would be of no use. The circumstances stated in his

affidavits, if true, disclose that a protest on his part might have been fruitful, if made in good faith. Should he in good faith seek her return, it may afford a ground for terminating alimony *pendente lite,* but until such time his failure to support her is an abandonment within the purview of our statute, in the absence of evidence that her original departure from his home or her continued absence has been under circumstances and of a nature to relieve him of the obligation of seeking her return. In short, all that is decided at this time is that when a wife resides away from her husband with his consent the husband's obligation to support her continues.

I will advise an order for alimony *pendente lite* to the amount of $15 per week, and a counsel fee of $25.

*Mr. Lewis Starr,* for the appellant.

*Messrs. Wescott & Wescott* and *Mr. Orville P. De Witt,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS—14.

*For reversal*—None.