## MELTON v. HUBBARD, executrix.

BECK, J. 1. Where in contemplation of a voluntary separation a husband and wife entered into a written agreement wherein it was stipu lated that the husband was to pay to his wife a lump sum of $1440 in full settlement of all claims of his wife for either temporary or permanent alimony, which was to be paid in installments of $40 per month for the period of thirty-six months, the wife agreeing upon her part to accept this sum in lieu of alimony, and agreeing further to release the husband from any claim for attorney's fees to which she might be entitled in law in case she might in future bring suit for divorce; and where the wife subsequently, by way of a cross-petition in a suit for divorce brought by the husband, set up this contract and prayed that it be enforced and that the stipulated payments called for in the contract be allowed her, "until the final hearing of the case, as temporary alimony, if the court should determine that said sum can not at this time be allowed under said contract, or, in lieu thereof, such reasonable sum for temporary alimony as to the court may seem reasonable and just," and that she have certain other sums as damages, etc., and prayed

further, if the court should for any reason "conclude that said contract can not be enforced in manner and form as the same was made, that the court should allow to her such sums as temporary alimony" and other sums for attorney's fees as to the court might seem just and proper; and where the court upon the hearing of this petition entered a judgment in which, after stating in substance the provisions in the contract above referred to, it was adjudged that the plaintiff in the divorce suit (the husband) "do now pay to W. J. Grace, attorney for the respondent, the sum of $120, and the further sum of $40 per month on the first of July, 1907, and $40 on the first day of each month thereafter, as temporary alimony, until the further order of the court,"—

*Held:*

(*a*) The wife could not, after having accepted payment of alimony as ordered in the judgment quoted, maintain a suit for the enforcement of the contract. Having taken a judgment requiring the defendant to pay to her the amounts named in the judgment as alimony, and having received alimony under such order, she thereby elected to abandon the contract and treat it as non-enforceable.

(*b*) If the wife could not revert to the contract and enforce its terms under the circumstances stated, neither could her executrix, after her death, maintain a suit for the enforcement of the same.

2. The ruling made above is controlling in the case, and it is unnecessary to pass upon the special assignments of error.

　　　　　　　*Judgment reversed. All the Justices concur.*
　　　　　　　AUGUST 10, 1915.

Complaint. Before Judge Mathews. Bibb superior court. January 17, 1914.

*A. L. Dasher Jr.,* for plaintiff in error.
*Ryals & Anderson,* contra.