### 10507.  WATSON v. BURNLEY.

SMITH, J.  In accordance with the rules of law governing this case, as set forth by the Supreme Court in response to questions certified to it by this court (*Watson* v. *Burnley*, 150 *Ga.* 460, 104 S. E. 220), the judgment of the court below overruling the demurrer .to the petition is        *Affirmed.  Jenkins, P. J., and Stephens, J., concur.*
DECIDED NOVEMBER 10, 1920.

Complaint; from McDuffie superior court—Judge Henry C. Hammond.  March 12, 1919.

In her petition against Thomas E. Watson, filed August 13, 1918, Mattie Belle Burnley alleges, in brief, that in February, 1904, he and J. D. Watson, who was then her husband but from whom she was separated, entered into a contract with her for the purpose of making a settlement of a proceeding for alimony, then pending, which she had instituted against J. D. Watson, and the proceeding was settled by the contract.  It is alleged that by the terms of this contract she "was to receive $25 per month so long as she should live and remain single, and without any other contingency whatsoever, and by the terms of said contract said Thomas E. Watson became surety thereon and bound himself for the true payment of said amount on the first day of each month as above stated;" that he paid the $25 monthly to her from the time of the making of the contract up to and including April, 1918, when J. D. Watson died, but not for any subsequent month, and is due her this agreed sum for each of the four ensuing months (including the month of the filing of the petition), and refuses to pay the same; and she sues for the aggregate sum of $100.  It is alleged that she was divorced from J. D. Watson after the contract was made, and her former name, in which she sues, was restored to her.  A copy of the contract was attached to the petition.

The defendant demurred on the grounds: (1) that no cause of action is set forth; (2) that the alleged contract is contrary to public policy, in that it provides for a divorce and dissolution of the marriage contract, as one of the contingencies on which the alleged contract shall be carried out; and (3) that the alleged contract is in restraint of marriage, after divorce, and is therefore contrary to public policy and void.  The demurrer was overruled and the case came to the Court of Appeals on exception

to that ruling. The controlling questions in the case were certified by this court to the Supreme Court; and those questions, with the contract, and the opinion of that court, appear in 150 *Ga.* 460.

*Sam. L. Olive, J. Glenn Stovall,* for plaintiff in error.

*J. B. Burnside,* contra.