. 14619.   McDOWELL *v.* ENGEL.

JENKINS, P. J. The plaintiff sued her former husband, to recover unpaid installments due under a written contract entered into while they were in a state of separation, whereby she, for herself and two minor children, agreed to accept a certain cash payment and monthly installments in a stated sum, in lieu of alimony in a divorce proceeding immediately contemplated. The contract provides that the payments shall be "for her maintenance and the maintenance of the said two children," and that "said monthly payments the said [husband] shall continue to render unto the said [wife] until the youngest of the two above-named children shall reach the age of 21 years." It provides that the wife shall have the custody of the children "so long as she acts honorably and does not marry some one who will mistreat the said two children or either of them;" that "when the above-named children reach the age of 21 years the [husband] shall be discharged from any further payments either to said children or to the said [wife], but a remarriage of the said [wife] shall not discharge said [husband] from liability to support said children;" and that, so long as the husband complies with this contract, the wife will not bring any proceeding to compel him to pay or render her maintenance, or include any claim for alimony in said divorce proceeding. By a proposed amendment to his plea and answer the defendant set up that the amount he was to pay the plaintiff

under the contract was for the joint support of the wife while unmarried and the children, and that since the wife had remarried, he was liable under the contract only for an amount sufficient to support the children, which he alleged to be only $20, in lieu of the $40 per month provided in the contract for their joint support, and he asked to be relieved of the difference. On objection of the plaintiff this amendment was disallowed. The jury found for the plaintiff, and exception is taken to the disallowance of the amendment. *Held:* This was a marital agreement for separate maintenance, made under the condition of actual separation. See *Sumner* v. *Sumner*, 121 *Ga.* 1 (3) (48 S. E. 727). The agreement as made contemplated a permanent adjustment, and its effect was finally to fix and establish the respective rights and obligations of the parties. See *Coffee* v. *Coffee*, 101 *Ga.* 787 (28 S. E. 977). The language of the instrument, providing that "said, monthly payments" shall continue "until the youngest of the two above-named children shall reach the age of 21 years," is such as to exclude rather than raise any implication that the amount provided for should be scaled pro tanto either upon the death or the majority of one of the children or the remarriage of the wife. All of such contingencies were presumably taken into account in fixing the amount called for by the contract.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 10, 1923.

Complaint; from city court of Sylvania—Judge Evans. April 26, 1923.

*C. T. Guyton, H. A. Boykin,* for plaintiff in error.

*Y. E. Bargeron, H. S. White,* contra.