19322. GREEN *v*. BEAUMONT.

STEPHENS, J. 1. The exclusive jurisdiction vested in the superior court as respects alimony applies only as respects proceedings to adjudicate the plaintiff's right to alimony and to render a judgment or decree therefor. Exclusive jurisdiction is not vested in the superior court as respects suits instituted upon a contract entered into between a husband and his wife by which he agrees to pay alimony to her. It follows, that, where suit was instituted in a city court upon a contract by which the defendant, as the husband of the plaintiff, had agreed to pay to the plaintiff certain sums of money as alimony, which contract was approved by the judge of the superior court, a plea to the jurisdiction, upon the ground that the action was one for alimony, and was therefore within the exclusive jurisdiction of the superior court, was properly stricken.

2. Evidence in support of an issue not authorized by the pleadings is properly excluded. In a suit upon a written contract, where the defendant admits the execution of the contract and pleads only a general denial of liability thereon and that the plaintiff has agreed to release the defendant from liability on the contract, and where the defendant pleads no parol agreement or understanding between himself and the plaintiff as constituting a part of the contract, and pleads no failure or lack of consideration, evidence offered by the defendant to establish parol agreements and understandings contemporaneously with or prior to the execution of the written contract sued on, and to establish a lack or failure of consideration, is properly excluded.

3. A refusal to allow an amendment to the defendant's plea is not a ground for a motion for a new trial.

4. Where the only exception to the direction of a verdict is contained in the bill of exceptions, which was presented for certification on November 2, 1928, and where the date of the ruling complained of was June 6, 1928, and therefore not within the legally required time of either 30 or 60 days for the taking of an exception to a ruling, this court is without jurisdiction to pass upon the assignment of error excepting to the direction of a verdict.

5. What purports to be a brief of the evidence in this case being subject to the criticism made in *O'Farrell* v. *Templeman*, 39 *Ga. App.* 222 (146 S. E. 914), and it therefore appearing that no bona fide effort has been made to brief the evidence as required by the Civil Code (1910), § 6093, this court will not consider the evidence, and therefore will not pass upon the grounds of the motion for a new trial excepting to the verdict as being without evidence to support it and contrary to law.

6. This being a suit on a contract by which the defendant as the husband of the plaintiff had agreed to pay to the plaintiff certain sums of money as alimony, which contract was approved by the judge of the superior court, and it appearing that the court did not err in striking the defendant's plea to the jurisdiction, and no error appearing from the assignments of error legally presented for consideration, the judgment striking the plea to the jurisdiction and the judgment overruling the defendant's motion for a new trial are each affirmed, and the verdict directed for the plaintiff in the full amount sued for is allowed to stand.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED APRIL 10, 1929.

*Paul S. Etheridge & Son, Joseph D. Lewis, William A. Thomas,* for plaintiff in error.

*Homer C. Denton, E. E. Carter,* contra.