GREEN *v.* BEAUMONT *et al.*

No. 10230. NOVEMBER 20, 1934.

*Drennan & Giles,* for plaintiff.

*Homer C. Denton, E. E. Carter,* and *James T. Wright,* for defendants.

RUSSELL, C. J. Samuel Green filed a petition in Fulton superior court, seeking to enjoin Mrs. Alline Green Beaumont, his former wife, from enforcing a judgment against him obtained in the city court of Atlanta. By stipulation of the parties the case was submitted to the judge without the intervention of a jury; it being agreed that the only issue before the court was one of law, to wit, whether or not the judgment rendered in the city court of Atlanta was a debt, judgment, or liability dischargeable in bankruptcy, and that if this judgment was dischargeable in bankruptcy the plaintiff would be entitled to the relief sought, and if this judgment was not dischargeable in bankruptcy he would not be entitled to the relief prayed for. The judge ruled that the judgment was not dis-

chargeable in bankruptcy, and refused an injunction. The plaintiff excepted. The facts agreed to were as follows: Prior to September 4, 1923, Mrs. Alline W. Green had pending in Fulton superior court a suit for divorce and alimony against Dr. Samuel Green. On this date an agreement was entered into between Dr. and Mrs. Green in reference to her claim for alimony, the material provisions of which were as follows: "Defendant hereby agrees to pay plaintiff the sum of fifty ($50) dollars per month as permanent alimony . . as long as said plaintiff shall remain single after being granted a final verdict and decree in said divorce suit. . . Said plaintiff hereby agrees to strike and dismiss from said petition for divorce any and all prayers contained therein relating to alimony. It is distinctly understood and agreed between the parties hereto that this agreement shall take the place and operate in lieu of all of said plaintiff's rights of alimony, . . and she expressly agrees that this agreement shall operate as a waiver of all her rights of alimony; . . it being understood that said plaintiff does not waive the $50 per month as set out in paragraph one of this agreement. It is expressly agreed between the parties hereto that this agreement, with the sanction of the court, shall be filed and made a part of the record of above-stated case." The judge ordered that this agreement be filed as part of the record in the divorce case. In 1928 Mrs. Alline Green Beaumont (formerly Mrs. Green) filed suit in the city court of Atlanta on the above agreement, and recovered judgment against the defendant for $1450, the amount claimed to be due thereon up to the time of her remarriage. To this suit the defendant interposed a plea to the jurisdiction, based on the ground that the action was one for alimony, of which said city court did not have jurisdiction. This plea was overruled. In June, 1933, Dr. Green was granted a discharge in bankruptcy, he having listed among his liabilities the judgment referred to above. Mrs. Beaumont and her attorneys were notified of the bankruptcy proceedings, and interposed no objection to his application for discharge.

It is well settled, by amendment of 1903 to the bankruptcy act of 1898, that "liabilities" for alimony are not dischargeable in bankruptcy. 11 U. S. C. A. § 35. In this case the liability was not established by a decree granting alimony, but rested on a voluntary contract, by which the husband agreed, in lieu of a decree for

alimony, to pay certain stipulated sums as alimony for the support and maintenance of his wife. In our opinion, the principle that a liability for alimony can not be affected by bankruptcy is equally applicable where the liability for alimony rests upon contract as if it rested upon a decree for alimony. So far as the issue in this case is concerned, the fact that a judgment was rendered in the city court to enforce the voluntary contract is entirely immaterial. Upon the investigation before his honor Judge Pomeroy, the superior court of Fulton County had the right to go behind the judgment and inquire into the subject-matter of the suit, or to consider the contract upon which the suit was based, to ascertain whether alimony was involved. The contract (which in this case is a substitute for a decree agreed upon by the husband and wife, and which was filed as a part of the record) plainly evidences that its only consideration was alimony, which clearly brings it within the exception as to alimony contained in the Federal bankruptcy act. Learned counsel for the plaintiff in error, in quoting from the contract the portion in which Mrs. Green waived all claim for alimony, neglected to state that in the same connection she expressly declined to waive or renounce the specific sum of $50 per month allowed her by the contract, insisting upon its payment. Treating what is said in the agreement as to waiver of alimony in connection with the express insistence upon the $50 per month alimony, it plainly appears that nothing more was meant by the sentence in which she waived alimony than a waiver of an action in court to enforce an allowance in future of an additional amount. Since it is plain from the record that alimony, and nothing but alimony, is the subject-matter of the liability which the plaintiff seeks to avoid by bankruptcy, the conclusion of the trial judge could not have been other than that embodied in his judgment. The obligation of a husband to provide support and maintenance for his wife is a duty imposed by law, and for that reason can not be classified with other obligations which do not involve similar duties. Wetmore v. Markoe, 196 U. S. 68. It is partly for this reason that the courts hold, in determining whether alimony is in fact involved, that they can go behind judgments and ascertain from the record whether or not alimony was the foundation of the proceeding in which the judgment was obtained. No merger ensues in consequence of obtaining judgment upon a contract providing for ali-

mony. The character of the word "liability," as used in the bankruptcy law, is not changed by the fact that the liability has been reduced to judgment. Boynton v. Ball, 121 U. S. 457, 466 (7 Sup. Ct. 981, 30 L. ed. 985) ; 11 U. S. C. A., § 35, note 91, and cit.

*Judgment affirmed. All the Justices concur.*

GILBERT, J., concurring specially. My concurrence in the judgment is based upon reasons different from those contained in the majority opinion. Treating as alimony the amount claimed by the plaintiff in fi. fa., the judgment of the city court of Atlanta is absolutely void, because that court has no jurisdiction in a suit for alimony. *Tyson v. Tyson,* 176 *Ga.* 137 (167 S. E. 172). "The judgment of a court having no jurisdiction of the person and subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interests of the parties to consider it." Civil Code (1910), § 5964. If, on the other hand, the claim is not for alimony but merely an amount agreed upon between the parties in lieu of alimony, as provided in the Civil Code (1910), § 2984, and a suit in such court is merely a suit on contract of which such court has jurisdiction, then it is dischargeable in bankruptcy. In either case the court properly refused to grant an injunction, the petitioner having an available adequate remedy at law. In the case of Dunbar v. Dunbar, 190 U. S. 340 (23 Sup. Ct. 757, 47 L. ed. 1084), there was a valid judgment on which the claim for alimony was based. For that reason the case is not applicable to the facts of this case. I am authorized to say that Mr. Justice Atkinson concurs in what is herein stated.