CAUDLE, executrix, *et al.* v. CAUDLE.

No. 10592. AUGUST 7, 1935.
ADHERED TO ON REHEARING, SEPTEMBER 28, 1935.

*William K. Miller* and *Clarence L. Powell,* for plaintiffs in error. *Nathan Jolles* and *Paul T. Chance,* contra.

HUTCHESON, Justice. Mrs. Lucy Garwood Caudle, former wife of George E. Caudle, filed suit against Mrs. Katie Caudle (the widow of George E. Caudle), individually and as executrix of his estate. The plaintiff alleged that she with George E. Caudle, before his marriage to the defendant, entered into a contract providing for payment of $25 per month to plaintiff as long as she should live and remain unmarried; and that this contract was made in lieu of any alimony verdict or decree. She prayed that the court determine the amount and fix the priority of her claim, that the defendant be required to file an inventory of the estate; and for other relief. The defendant filed a demurrer on several grounds, the main one being that the first alimony judgment was rendered before the appearance term of court, and was of no effect. The court overruled the demurrer.

We hold that the case is one arising by virtue of the contract, and is entirely unaffected by the litigation; and regardless of the validity of the alimony decree, and although the plaintiff may not be entitled to recover the present value of the contract based upon expectancy, it sufficiently appears from her allegations that she would be entitled to recover at least the monthly installments which had not been paid at the time the suit was filed. The petition therefore stated a cause of action for at least a part of the relief sought, and the court did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur, except*

BECK, P. J., dissenting. Construing the allegations of the petition most strongly against the pleader, this can not be held to be a suit to recover any of the monthly payments due and unpaid under the contract set out, but it is a suit to have determined and fixed the amount which the plaintiff may have under that contract, and have the amounts that may become due reduced to their present value. If this were a contract to pay to the plaintiff $25 per month during her lifetime, it might be reduced to its present value and a lien in her favor be declared on the estate; but the $25 monthly is to be paid during her life or until she marry. With this uncertain contingency as to a marriage, the present value of the amount due

under the contract can not be determined, and the plaintiff is not entitled to any judgment for any amount on that account. Consequently this petition does not set forth a cause of action entitling her to any judgment, and the court should have sustained the general demurrer.