27987.   WALLACE *v.* WALLACE.

Decided February 29, 1940.

*Aaron Kravitch, Charles E. Donnelly,* for plaintiff in error.
*Oliver & Oliver,* contra.

Stephens, P. J.   Mrs. Bessie Wallace instituted suit in the municipal court of Savannah against R. E. Wallace to recover $112 alleged to be due the plaintiff as back alimony, under an agreement between the plaintiff and the defendant whereby the defendant agreed to pay her $16 every two weeks as temporary alimony during the pendency of the defendant's divorce action against the plaintiff. The petition alleged that in addition to paying the plaintiff $16 every two weeks the defendant agreed to furnish her a house in which to live and to pay for various household expenses, such as water, electricity, and telephone, and that the $16 every two weeks was to take care of the plaintiff's grocery bill. It was alleged that this agreement was entered into verbally, but was later reduced to writing by being incorporated in letters from the defendant's attorney to the plaintiff's attorney. The petition further alleged that the defendant continued these payments for a period of about ten months, after which he failed and refused to make any further payments. The plaintiff prayed for a recovery of $112, the aggregate amount of the payments in arrears.

The defendant demurred to the petition generally and specially. The special demurrer was on the grounds that the alleged agreement sued on does not constitute a valid contract, that the agreement shows on its face that it is an unilateral contract and was never accepted by the plaintiff, and also that the alleged agreement was not made by the defendant, or by any one authorized by him to make such an agreement. The court overruled the demurrer on each and every ground thereof. To this ruling the defendant filed exceptions pendente lite. The defendant answered, denying the allegations as to the agreement for temporary support of the plaintiff. Further answering the defendant alleged practically the same agreement as to temporary support for the plaintiff with the exception that he denied liability for alimony but on advice of counsel entered into the agreement sued on; that this agreement was only gratuitous on his part, the consideration for it being that his wife agreed to the prompt hearing of his divorce action; that the plaintiff failed in her part of the agreement by delaying the hearing of the divorce petition, and that for this reason the defendant ceased to furnish temporary support to the plaintiff; that the agreement was so breached by the plaintiff, and in fact was never accepted by her or by her attorneys. The case proceeded to trial before three judges acting as judge and jury, and a judgment was rendered in favor of the plaintiff for $112, the full amount sued for. The defendant made a motion for new trial on the general grounds only, which motion, after a hearing before the full bench, was overruled. To the judgments overruling the defendant's demurrers to the petition, and overruling the defendant's motion for new trial, the defendant excepted.

The defendant in his testimony admitted the execution of the contract alleged, but stated that it was a part of the contract that the plaintiff was to give him "an early hearing in the courts." He testified that since she failed to do this he failed to pay her any more alimony. The evidence authorized a finding that the defendant agreed to pay the plaintiff for support as alleged during the pendency of the suit, and that there was no provision in the contract that the plaintiff would facilitate a trial of the divorce suit or would not delay a trial.

It is the duty of a husband to support and maintain his wife. *Bell* v. *Rossignol*, 143 *Ga.* 150 (84 S. E. 542, L. R. A. 1915D, 1184,

Ann. Cas. 1917C, 576); *Rushing* v. *Clancy,* 92 *Ga.* 769 (19 S. E. 711); *Georgia Grocery Co.* v. *Brunson,* 24 *Ga. App.* 484 (101 S. E. 130). This duty flows from and depends upon the marriage relation. It attaches the moment the marital relation is assumed. It is a continuing obligation, and ordinarily remains as long as the relation of husband and wife exists. 30 C. J. 518. Even where a suit for divorce is instituted by the husband, he must support his wife during the litigation. *McGee* v. *McGee,* 10 *Ga.* 477, 485; 17 Am. Jur. 431, § 530. Although a separation agreement between husband and wife must be supported by a consideration in order to be enforceable (Barefoot *v.* Barefoot, 83 N. J. Eq. 685, 687, 93 Atl. 192), it has been held that the duty of the husband to support the wife is a sufficient consideration to sustain his promise for such support while living apart from her. 30 C. J. 1061, 1062. Agreements for the support and maintenance of the wife are generally valid. *Chapman* v. *Gray,* 8 *Ga.* 341; *Watson* v. *Burnley,* 150 *Ga.* 460 (104 S. E. 220); *Gore* v. *Plair,* 173 *Ga.* 88, 90 (159 S. E. 698); *Heath* v. *Philpot,* 39 *Ga. App.* 108 (146 S. E. 323). The cases of *Melton* v. *Hubbard,* 135 *Ga.* 128 (68 S. E. 1101), s. c. 144 *Ga.* 18 (85 S. E. 1016), and *McDowell* v. *Engel,* 31 *Ga. App.* 428 (120 S. E. 674), are distinguishable in that the causes of action in those cases were to recover sums of money accepted in lieu of alimony or temporary support, whereas the case at bar was based on an agreement for maintenance and support of the wife during the pendency of the divorce action brought by the husband. The petition stated a cause of action and none of the grounds of special demurrer were meritorious. The court properly overruled the defendant's demurrer.

The evidence was sufficient to support the existence of the contract as alleged by the plaintiff, in which there was no obligation or undertaking on the part of the plaintiff to facilitate or not delay the hearing of the divorce suit. The evidence supported the verdict for the plaintiff. The court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*