## HAYES *v.* HAYES.

No. 13321.   NOVEMBER 13, 1940.   REHEARING DENIED NOVEMBER 20, 1940.

238

*Robert T. Efurd* and *Noah J. Stone,* for plaintiff in error.
*Carl D. Levy* and *Alex. M. Hitz,* contra.

BELL, Justice. The constitution enumerates the cases of which the Supreme Court shall have jurisdiction. Among them are "alimony cases." Code, § 2-3005. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Code, § 30-201. This statement of law defining alimony contemplates an "allowance" by a judgment or decree of court, and not a mere provision for support in a private contract between the parties; and this is true even though the alleged contract contains a recital that it is accepted by the wife "in full settlement of all alimony" and of all liability therefor. 19 C. J. 202, 242, §§ 495, 565; Dickey *v.* Dickey, 154 Md. 675 (141 Atl. 387, 58 A. L. R. 634). As to contracts, see Code, § 30-211.

It follows that a suit by the wife against the husband, based solely upon such an alleged contract and praying for recovery of sums agreed upon, is not a suit for alimony or an "alimony case" within the constitutional provision relating to jurisdiction of this

court. *Green* v. *Beaumont,* 39 *Ga. App.* 606 (147 S. E. 911). This statement accords with the decision in *Tyson* v. *Tyson,* 176 *Ga.* 137 (167 S. E. 172), where it was held that the city court of Savannah had no jurisdiction of a suit for alimony based on a judgment previously rendered in the superior court.

The fact that liability under such a contract, if the contract is valid, might so far partake of the nature of alimony as not to be dischargeable in bankruptcy, is not controlling upon the question of jurisdiction. Compare *Green* v. *Beaumont,* 179 *Ga.* 804 (177 S. E. 572). The decision in *Melton* v. *Hubbard,* 135 *Ga.* 128 (68 S. E. 1101), an action based solely on contract, was rendered before the amendment of 1916 (Ga. L. 1916, pp. 19, 20, Code, §§ 2-3005, 2-3009), changing the constitution as to jurisdiction of the Supreme Court and the Court of Appeals. Code of 1910, §§ 6502, 6506. Since that amendment the Court of Appeals has uniformly exercised jurisdiction in such cases. *Watson* v. *Burnley,* 150 *Ga.* 460 (104 S. E. 220) (certified questions) ; s. c. 25 *Ga. App.* 779 (105 S. E. 42) ; *McDowell* v. *Engel,* 31 *Ga. App.* 428 (120 S. E. 674) ; *Walker* v. *Walker,* 53 *Ga. App.* 769 (187 S. E. 164) ; *Alford* v. *Alford,* 55 *Ga. App.* 338 (190 S. E. 402) ; *Wallace* v. *Wallace,* 61 *Ga. App.* 789 (7 S. E. 2d, 604). In *Caudle* v. *Caudle,* 181 *Ga.* 144 (181 S. E. 669), jurisdiction was vested in the Supreme Court because of equitable features. The present case has no equitable feature, and does not otherwise come within the jurisdiction of this court.

*Transferred to the Court of Appeals. All the Justices concur.*