"Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Code, § 30-201.
(a) This statement of law defining alimony contemplates an "allowance" by a judgment or decree of court, and not a mere provision for support in a private contract between the parties. Accordingly, a suit on such an alleged contract is not a suit for alimony, or an "alimony case" within the constitutional provision relating to jurisdiction of the Supreme Court.
(b) Under the foregoing ruling, the Court of Appeals, and not the Supreme Court, has jurisdiction of the present case.
 No. 13321. NOVEMBER 13, 1940. REHEARING DENIED NOVEMBER 20, 1940. *Page 238 
Mrs. Marjorie Morgan Hayes filed suit in the superior court of Fulton County against Mose S. Hayes, her former husband, praying judgment for amounts claimed by her under a maintenance agreement entered into between them on September 1, 1936. The defendant demurred to the petition, on general and special grounds. The court overruled the general grounds of demurrer, but sustained the special grounds and struck one paragraph of the petition and a portion of one of the prayers. To this judgment the defendant excepted. It is recited in the bill of exceptions: "This case is brought to the Supreme Court because the question involved is one of alimony and is a question [of] which this court has exclusive jurisdiction." The petition alleged, in substance: The plaintiff and the defendant were husband and wife until January 3, 1939, on which date a judgment granting a total divorce between them was rendered in the superior court of Fulton County. On September 1, 1936, plaintiff and defendant were diving in a bona fide state of separation, and on that date they entered into a contract as follows:
"Georgia, Fulton County. This agreement, made and entered into this 1st day of September, 1936, between Mose S. Hayes and Mrs. Marjorie Morgan Hayes, of said State and county, witnesseth: That said parties are now living in a bona fide state of separation, and they desire to settle between themselves all issues as to support for said Mrs. Marjorie Morgan Hayes, and as to any interest that she has or may have in the estate of said Mose S. Hayes in the event of his death, and which is to be accepted by her in full and final settlement of all alimony, temporary or permanent, counsel fees, or any interest that she has or may have in his estate, and any and all other claims that she has or may have against said Mose S. Hayes, or his estate. Therefore, for and in consideration of the surrender of all interest that said Mose S. Hayes has as to all furniture and household goods, and the payment of two hundred ($200) dollars in cash, and the sum of fifty ($50) dollars per month until the said Marjorie Morgan Hayes obtains employment that will pay her the weekly salary of twenty ($20) dollars per week or more, and upon obtaining said employment said payments are to be twenty-five ($25) dollars per month as long as the said *Page 239 
Marjorie Hayes makes the sum of twenty ($20) dollars per week, and in the event that her said salary shall be reduced to less than twenty ($20) dollars per week, then the payments of fifty ($50) dollars shall be reinstated, said payments are to be in force as hereinafter provided, — the said Mrs. Marjorie Morgan Hayes does by these presents release and forever discharge said Mose S. Hayes from any and all liability for her support and/or alimony temporary or permanent, attorney fees in any action that might be brought either against or by said Mose S. Hayes; and it is further agreed that upon payment of said sums that said Mrs. Marjorie Morgan Hayes does by these presents release and disclaim any and all rights that she has against said Mose S. Hayes and/or his estate for a year's support, dower, or as an heir thereof, in the event of his death. Receipt of the payment of two hundred ($200) dollars is hereby acknowledged; the first payment of fifty ($50) dollars is to be made thirty days after the subsequent payments are to be made monthly thereafter. It is further agreed that in the event of the marriage of said Mrs. Marjorie Morgan Hayes, that all payments to be made under this agreement cease. Said Mose S. Hayes, by the execution and delivery of this agreement, does by these presents release and disclaim in favor of said Mrs. Marjorie Morgan Hayes all of his interest, right, and title to the furniture and household goods now located in the home."
The petition further alleged "That thereafter said defendant filed the divorce action hereinbefore referred to; and said voluntary contract was not filed as a part of the record in said cause nor embraced in the final decree rendered; the same having been previously executed in lieu of alimony and being under its terms a substitute for any decree of alimony. . . That plaintiff has never remarried." That under the terms of the contract the defendant is due the plaintiff the sum of $275, and will be due other sums monthly in the future. The prayers were to recover the sum alleged as past due, and such other and further sums as may become due "up to and including date of judgment," together with interest; and for process.
The grounds of demurrer, which the court overruled, were as follows: (1) "Said petition fails to set forth a cause of action, in that it appears: (a) That it is an attempt to recover alimony in a separate proceeding after a total divorce has been granted between *Page 240 
the parties, contrary to the laws of this State. (b) That the decree for a total divorce is conclusive between the parties as to alimony, and this court does not have jurisdiction of a cause of action to recover alimony, or a sum in the nature of alimony, after the relationship of husband and wife has been dissolved by a total divorce. (2) It appears from said petition and the exhibit attached thereto that said agreement was entered into prior to a final verdict and decree in the divorce case between the same parties, and it does not appear from said petition that said parties were (1) living in a voluntary state of separation, or (2) that the wife, against her will, was either abandoned or driven off by her husband. Therefore there is no provision of law whereby said parties could make a valid contract in lieu of alimony, or an agreement that would be a bar to an allowance of alimony; and the judgment granting a divorce between these parties became conclusive upon them as to all question of alimony or support for the wife, and a subsequent suit can not be brought for alimony or an allowance in the nature of alimony."
By the judgment on the demurrer, the action was allowed to proceed, but only for the alleged past-due instalments.
The constitution enumerates the cases of which the Supreme Court shall have jurisdiction. Among them are "alimony cases." Code, § 2-3005. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Code, § 30-201. This statement of law defining alimony contemplates an "allowance" by a judgment or decree of court, and not a mere provision for support in a private contract between the parties; and this is true even though the alleged contract contains a recital that it is accepted by the wife "in full settlement of all alimony" and of all liability therefor. 19 C. J. 202, 242, §§ 495, 565; Dickey v. Dickey, 154 Md. 675
(141 A. 387, 58 A.L.R. 634). As to contracts, see Code, § 30-211.
It follows that a suit by the wife against the husband, based solely upon such an alleged contract and praying for recovery of sums agreed upon, is not a suit for alimony or an "alimony case" within the constitutional provision relating to jurisdiction of this *Page 241 
court. Green v. Beaumont, 39 Ga. App. 606 (147 S.E. 911). This statement accords with the decision in Tyson v. Tyson,176 Ga. 137 (167 S.E. 172), where it was held that the city court of Savannah had no jurisdiction of a suit for alimony based on a judgment previously rendered in the superior court.
The fact that liability under such a contract, if the contract is valid, might so far partake of the nature of alimony as not to be dischargeable in bankruptcy, is not controlling upon the question of jurisdiction. Compare Green v. Beaumont,179 Ga. 804 (177 S.E. 572). The decision in Melton v. Hubbard,135 Ga. 128 (68 S.E. 1101), an action based solely on contract, was rendered before the amendment of 1916 (Ga. L. 1916, pp. 19, 20, Code, §§ 2-3005, 2-3009), changing the constitution as to jurisdiction of the Supreme Court and the Court of Appeals. Code of 1910, §§ 6502, 6506. Since that amendment the Court of Appeals has uniformly exercised jurisdiction in such cases.Watson v. Burnley, 150 Ga. 460 (104 S.E. 220) (certified questions); s. c. 25 Ga. App. 779 (105 S.E. 42); McDowell v.Engel, 31 Ga. App. 428 (120 S.E. 674); Walker v. Walker,53 Ga. App. 769 (187 S.E. 164); Alford v. Alford, 55 Ga. App. 338
(190 S.E. 402); Wallace v. Wallace, 61 Ga. App. 789
(7 S.E.2d 604). In Caudle v. Caudle, 181 Ga. 144
(181 S.E. 669), jurisdiction was vested in the Supreme Court because of equitable features. The present case has no equitable feature, and does not otherwise come within the jurisdiction of this court.
Transferred to the Court of Appeals. All the Justicesconcur.