### 28856. HAYES *v.* HAYES.

DECIDED JUNE 26, 1941.

*Robert T. Efurd, Noah J. Stone,* for plaintiff in error.
*Carl D. Levy, Alex M. Hitz,* contra.

STEPHENS, P. J. Marjorie Morgan Hayes instituted suit in the superior court of Fulton County against Mose S. Hayes on Octo-

ber 11, 1939. It was alleged in the petition substantially as follows: The plaintiff and the defendant were husband and wife, and on September 1, 1936, while they were living in a bona fide state of separation, they entered into the following contract: "That said parties are now living in a bona fide state of separation and they desire to settle between themselves all issues as to support for said Mrs. Marjorie Morgan Hayes, and as to any interest that she has or may have in the estate of said Mose S. Hayes, in the event of his death, and which is to be accepted by her in full and final settlement of all alimony, temporary or permanent, counsel fees, or any interest that she has or may have in his estate, and any and all other claims that she has or may have against said Mose S. Hayes or his estate. Therefore, for and in consideration of the surrender of all interest that said Mose S. Hayes has to all furniture and household goods, and the payment of the sum of two hundred ($200) dollars in cash, and the sum of fifty ($50) dollars per month until the said Marjorie Morgan Hayes obtains employment that will pay her the weekly salary of twenty ($20) dollars per week or more, and upon obtaining said employment said payments are to be twenty-five ($25) dollars per month, as long as the said Marjorie Morgan Hayes makes the sum of twenty ($20) dollars per week, and in the event that her said salary shall be reduced to less than twenty ($20) dollars per week then the payments of fifty ($50) shall be reinstated. Said payments are to be in force as hereinafter provided; the said Mrs. Marjorie Morgan Hayes does by these presents release and forever discharge said Mose S. Hayes from any and all liability for her support and for alimony, temporary or permanent, attorney fees in any action that might be brought either against or by said Mose S. Hayes; and it is further agreed that upon payment of said sums that said Mrs. Marjorie Morgan Hayes does by these presents release and disclaim any and all rights that she has against said Mose S. Hayes and/or his estate for a year's support, dowry, or as an heir thereof, in the event of his death. Receipt of the payment of two hundred ($200) dollars is hereby acknowledged; the first payment of fifty ($50) dollars is to be made thirty days after, the subsequent payments are to be made monthly thereafter. It is further agreed that in the event of the marriage of said Mrs. Marjorie Morgan Hayes, that all payments to be made under this agreement cease. Said Mose S.

Hayes by the execution and delivery of this agreement does by these presents release and disclaim in favor of said Mrs. Marjorie Morgan Hayes all of his interest, right, and title to the furniture and household goods now located in the home." Thereafter, the defendant filed suit for divorce against the plaintiff, and on January 3, 1939 (1938?), a decree of total divorce was rendered. The contract quoted above was not filed as a part of the record in the case nor embraced in such final decree, such contract "having been previously executed in lieu of alimony and being under its terms a substitute for any decree for alimony." The plaintiff has never remarried. From September 1, 1936, to June 7, 1937, inclusive, the plaintiff received as weekly salary from employment less than $20 per week, and under the above contract there became due her on the first day of each month in such period the sum of $50, which sum the defendant has paid in full. From June 7, 1937, to September 30, 1939, inclusive, the plaintiff earned $20 or more weekly as salary from employment, and during this period there became due to her by the defendant under the contract a total of $700 of which amount the defendant has paid during the period only $450. The defendant is indebted to the plaintiff in the amount of $250 as of September 30, 1939, which sum the defendant has failed and refused to pay although demand therefor has been made upon him. The defendant is indebted to the plaintiff in the further sum of $25 under such contract for the month of October, 1939, which sum the defendant has failed and refused upon demand to pay. If the plaintiff continues to be employed at her present rate of pay there will become due to her by the defendant, under the contract, further sums of $25 on November 2, 1939, and on the first day of each month thereafter until judgment is rendered in this case. The plaintiff prayed for judgment in the sum of $275 due up to and including the date of the filing of this suit, together with all further sums which may accrue and be due to her under the contract until the date of judgment, together with interest.

The defendant demurred to the petition on the ground that no cause of action was set forth, in that it appears (a) that it is an attempt to recover alimony in a separate proceeding after a total divorce has been granted between the parties, (b) that the decree of total divorce is conclusive between the parties as to alimony and the court does not have jurisdiction of a cause of action to recover

alimony or a sum in the nature thereof after the relationship of husband and wife has been dissolved by a total divorce decree. The defendant further demurred on the ground that it appeared from the petition and the contract attached as an exhibit that such contract was entered into before the final verdict and decree in the divorce case, and it does not appear from the petition that the parties were (1) living in a voluntary state of separation, or (2) that the wife, against her will, was either abandoned or driven off by her husband, and that therefore there is no provision of law whereby the parties could make a valid contract in lieu of alimony, or an agreement that would be a bar to the allowance thereof, and such judgment granting a total divorce between them became conclusive upon them as to all questions of alimony and support for the wife, and a subsequent suit can not be brought for alimony or an allowance in the nature thereof. The defendant further demurred to paragraph 11 of the petition in which the plaintiff alleged that if she continues to be employed at her present rate of pay there will become due to her under the contract the further sums of $25 on the first day of November and on the first day of each month thereafter until judgment is rendered in the case, on the ground that such allegations can not be the basis of a recovery against the defendant. The defendant also demurred to that part of the petition in which the plaintiff prayed judgment for all other and further sums which might accrue and be due under the contract to and including the date of judgment, on the ground that further payments alleged to be due under a contract and which have not matured at the date of bringing the action thereon can not be recovered, in that no recovery can be had upon an alleged contract for payments not due at the time of the filing of the suit.

The judge overruled the grounds of general demurrer and sustained the special demurrers to paragraph 11 and to part of the prayer, and ordered paragraph 11 of the petition stricken. To this judgment the defendant excepted and sued out a writ of error to the Supreme Court. On November 13, 1940, that court transferred the case to this court on the ground that the action presented no equitable feature and did not otherwise come within the jurisdiction of that court. *Hayes* v. *Hayes,* 191 *Ga.* 237 (11 S. E. 2d, 764). The Supreme Court held that the suit on the contract was not a suit for alimony or an alimony case in the sense of the con-

stitutional provision relating to the jurisdiction of that court, and further held that alimony is an allowance for the support of the wife out of the husband's estate allowed by a judgment or decree of court to the wife when she is living separate from him, and is not a "mere provision for support in a private contract between the parties."

It is the duty of a husband to support and maintain his wife. This duty flows from and depends upon the marriage relation. It attaches the minute the marital relation is assumed. It is a continuing obligation and ordinarily remains as long as the relation of husband and wife exists. Although a separation agreement between the husband and wife must be supported by a consideration in order to be enforceable, the duty of the husband to support the wife is a sufficient consideration to sustain his promise for such support while living apart from her. In *Wallace* v. *Wallace,* 61 *Ga. App.* 789 (7 S. E. 2d, 604), the court held that the agreement by a husband to pay his wife a specified sum bi-monthly for her support while she was living apart from him and during the pendency of the divorce was valid, and that where the husband without cause breached such agreement a recovery by the wife of the arrearage in the payments was authorized. A contract providing for the wife's support and maintenance, and made after the separation has taken place, or immediately before a separation which has already been determined upon, is a valid and enforceable agreement. *Watson* v. *Burnley,* 150 *Ga.* 460 (104 S. E. 220).

The contract in this case was a valid and enforceable agreement by the husband to pay the wife, until her remarriage, a sum in lieu of both temporary and permanent alimony. The fact that the parties were subsequently divorced would not bar the plaintiff under the contract, unless the judgment in the divorce case adjudicated the plaintiff's right to permanent alimony. No such construction can be placed on the allegations of the petition in this case. The husband made a valid contract, to be effective until his wife should remarry. The contract did not provide that the parties would be divorced, but it provided that the plaintiff by such contract released and discharged the defendant "from any and all liability for her support, and for alimony, temporary or permanent, attorney's fees in any action that might be brought either against or by" the defendant, and it also provided that the plaintiff released and dis-

claimed any and all rights she might have against the defendant or his estate for a "year's support, dowry, or as an heir thereof, in the event of his death." It does not appear from the petition that the plaintiff was awarded any alimony under the divorce·decree, or that her rights to alimony were adjudicated in the divorce decree. It is alleged in the petition that the contract was not set out in the pleadings in the divorce action or incorporated in the decree for divorce. Under the allegations the plaintiff was entitled to recover the arrearages due under the contract accruing both before and after the divorce decree. See *McDowell* v. *Engel*, 31 *Ga. App.* 428 (120 S. E. 674).

This case does not fall within the ruling in *Melton* v. *Hubbard*, 144 *Ga.* 18 (85 S. E. 1016), where there was a judgment awarding the plaintiff alimony and the plaintiff accepted payment of such alimony as ordered in the judgment. The court held in that case that, "Having taken a judgment requiring the defendant to pay to her the amounts named in the judgment as alimony, and having received alimony under such order she thereby elected to abandon said contract and treat it as nonenforceable."

It follows that the trial court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. Sutton and Felton, JJ., concur.*