BROWN v. FARKAS.

BELL, Presiding Justice. 1. Where a husband and a wife were living in a state of separation and the wife was suing the husband for divorce and alimony, they could enter into a valid and enforceable contract settling the issue as to alimony. *Chapman* v. *Gray*, 8 *Ga.* 341; *McLaren* v. *McLaren*, 33 *Ga. Supp.* 99; *Sumner* v. *Sumner*, 121 *Ga.* 1 (3) (48 S. E. 727); *Watson* v. *Burnley*, 150 *Ga.* 460 (104 S. E. 220); *Gore* v. *Plair*, 173 *Ga.* 88 (159 S. E. 698); *Caudle* v. *Caudle*, 181 *Ga.* 144 (181 S. E. 669); *Hayes* v. *Hayes*, 65 *Ga. App.* 222 (15 S. E. 2d, 626).

2. Where such a contract was entered into for the purpose of settling the question of alimony, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties. Code, § 20-702. Compare *Hayes* v. *Hayes*, 191 *Ga.* 237 (11 S. E. 2d, 764).

3. Where in such case the parties agreed upon a sum of money, "to wit, $1400 payable in monthly installments of $50 per month beginning" on a later date specified, the several installments being represented by negotiable promissory notes payable to the wife and secured by a deed to land, the manifest intention of the parties was to fix a lump sum, for which the husband would be unconditionally liable; and this is true notwithstanding the feature as to installment payments. Accordingly, marriage of the wife to another man after obtaining a divorce would be no defense against payment of the notes, and would not prevent the holder from enforcing payment as provided in the security deed. *Melton* v. *Hubbard*, 135 *Ga.* 128 (68 S. E. 1101); *Wise* v. *Wise*, 156 *Ga.* 459 (2) (119 S. E. 410); *Heflinger* v. *Heflinger*, 161 *Ga.* 867 (6) (132 S. E. 85); *McDowell* v. *Engel*, 31 *Ga. App.* 428 (120 S. E. 674); Narregang v. Narregang, 31 S. D. 459 (139 N. W. 341); Jones *v.* Jones, 216 Ky. 810 (288 S. W. 737); Spear *v.* Spear, 158 Md. 672 (149 Atl. 468).

4. While the decisions in *Buffington* v. *Cook*, 147 *Ga.* 681 (95 S. E. 214),

654

by five Justices, and *White* v. *Murden*, 190 *Ga.* 536 (9 S. E. 2d, 745), by four Justices, dealing with decrees for alimony, did not expressly rule upon the significance or effect of the lump sum awards, yet if they are in conflict with what is here ruled as to the effect of a *contractual* lump-sum settlement, they will not be followed as to such matter. The present case is controlled in principle by the unanimous ruling in *Melton* v. *Hubbard*, 135 *Ga.* 128 (supra), that, "In such an agreement where the husband promises to pay a lump sum for the wife's support, payable in installments, and the wife dies before all the installments are paid, her executor may sue for the unpaid installments as they severally mature."

5. The conclusion above stated accords with the decision in *Melton* v. *Hubbard*, 144 *Ga.* 18 (85 S. E. 1016), where it was shown that the wife elected to abandon the contract as to alimony, and it was held that in such case the contract would not be enforceable by her executrix after her death.

6. Under the above rulings, the judge did not err in refusing an interlocutory injunction to restrain the transferee of the notes from exercising the power of sale contained in the security deed.

*Judgment affirmed. All the Justices concur.*

No. 14414. APRIL 13, 1943.

*E. L. Smith,* for plaintiff.   *Farkas & Burt,* for defendant.