## 46872. SHIPP v. SHIPP.

DEEN, Judge. 1. Where during the pendency of a divorce action a husband and wife enter into a settlement agreement covering alimony and property division, and a decree of divorce is subsequently entered up in which the question of alimony is not adjudicated, the agreement is binding on the parties as other contracts and may serve as a basis for an action by the wife against her former husband based on instalment delinquencies. *Hayes v. Hayes*, 65 Ga. App. 222 (15 SE2d 626); *Walker v. Walker*, 53 Ga. App. 769 (1) (187 SE 164).

2. "Where such a contract was entered into for the purpose of settling the question of alimony, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties." *Brown v. Farkas*, 195 Ga. 653 (2) (25 SE2d 411).

3. The appellant filed an action for $1,550 against her former husband on March 19, 1971, alleging that the defendant owed this amount as past due instalments on an attached contract which it appears from the evidence was entered into during the pendency of divorce proceedings but not referred to in the decree. It was dated November 19, 1969, and contained the following provision: "Alimony to be paid by Jacob E. Shipp, defendant, to Ila C. Shipp will be $400 per month for the first six months from the date judgment is entered in this case [December 1, 1969] and $350 per month after the expiration of the first six months following the entry of judgment in the case. This settlement for alimony is made on the basis of the present earnings of Mr. Jacob E. Shipp. Should the earnings of Mr. Shipp for any reason decrease, appropriate readjustments will be made."

Shipp was at the time of the agreement making at least $25,000 per annum. His employment in Puerto Rico terminated March 1, 1970, at which time he left that country and came to Cobb County, Georgia, where after some

study he took an examination as real estate salesman and upon obtaining his license went to work for a real estate firm in Marietta on a commission basis. He earned no money from March through June, 1970. From July through the remainder of the year he earned $670. Between January and September, 1971, he earned $5,940. Meanwhile, he paid his wife $400 per month for six months and thereafter, for the period from June through October, 1970, he paid her the sum of $350 per month. In November, 1970, he paid $200 and has paid nothing since. It thus appears that between March 1 and December 31, 1970, he earned only $670 but nevertheless paid the appellant from accumulated funds the sum of $3,150. During the period sued for in 1971 (that is, from January 1 through March 19) he paid nothing, but his earnings taken as an average over the period testified to appear to have been between $700 and $750 per month, or approximately ⅛ of the earnings at the time of the agreement. Therefore if, as contended by the appellee, the language used in the agreement required or allowed an automatic readjustment of his contractual obligation proportionate to the decrease in his earnings, it becomes obvious that the amount paid between March 1, 1970, and March 15, 1971, when the suit was filed was in excess of that necessary to be paid under the agreement and the trial court correctly found in favor of the defendant.

4. The court was called upon to construe the contract provision that the instalments were "on the basis of present earnings" and that, should earnings decrease "appropriate readjustments will be made." *Code* § 20-701. This is so because the rule that an alimony judgment based on an agreement of the parties, as in *Allen v. Withrow,* 215 Ga. 388 (110 SE2d 663), is binding until modified by court order applies only in cases where the agreement is made a part of the divorce decree, which was not the case here. In Ballin v. Ballin, 78 Nev. 224 (371 P2d 32), it was specifically held that where a separation agreement had not been merged in the divorce decree the

576

court, in the absence of an agreement of the parties to that effect, had no power to modify its support provisions. The construction apparently adopted by the trial court was that the contract provision meant the monthly payments should be geared to earnings and this in fact appears to be the common sense purport of the language involved. Since we are not involved with Puerto Rican law, none having been pleaded or offered in evidence, and since this suit is nothing more than an action for money due under contract provisions, the burden was upon the plaintiff to show the amount owing, and the judgment in favor of the defendant is supported by evidence that during the period sued for under the contract for instalment maintenance payments the wife had in fact received all or more than she was entitled to after consideration of "appropriate readjustments" due to the defendant's radical decrease in earnings.

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*
ARGUED FEBRUARY 7, 1972—DECIDED FEBRUARY 24, 1972.

*Stone & Pennington, John C. Pennington,* for appellant.
*William R. Hurst,* for appellee.