## 55126. BEY v. BEY.

BANKE, Judge.

The appellant, Mr. Anthony L. Bey, appeals the judgment of the trial court awarding the appellee, Mrs. Martha B. Bey, $6,400, representing amounts due her under their contractual agreement in lieu of alimony.

Under the terms of the agreement, Mr. Bey was required to pay Mrs. Bey $200 alimony per month. He ceased making the payments as of October 1, 1972. Pursuant to court order, he resumed paying temporary alimony on June 1, 1975, at a reduced amount of $100 per month; the temporary alimony was made permanent by the court's order of March 10, 1976. The judgment awarded Mrs. Bey in this case represented $200 per month for the 32 months in which Mr. Bey paid her no alimony.

Mr. Bey appeals the overruling of his motion to dismiss. He claims that the divorce decree settled all issues regarding alimony and that Mrs. Bey's attempt to recover amounts unpaid under the prior contractual agreement is now barred by the doctrine of res judicata.

Georgia recognizes the validity of a contract between a husband and wife, entered into upon their separation, in which the husband agrees to pay his wife a specified monthly sum until her death or remarriage in lieu of temporary and permanent alimony. See *Caudle v. Caudle,* 181 Ga. 144 (181 SE 669) (1935); *Hayes v. Hayes,* 191 Ga. 237 (11 SE2d 764) (1940); *Hayes v. Hayes,* 65 Ga. App. 222 (15 SE2d 626) (1941).

The agreement, here, provided that it was " . . . in full and complete settlement and release of all claims . . . including all liability now or at any time hereafter existing or accruing on account of alimony . . ." and stated that it was to be effective until Mrs. Bey remarried or died. It further provided that "[a]ny decree entered in any action for divorce which may be commenced by one of the parties shall to the greatest extent agreeable to the court be consistent with the terms of this agreement." Thus, by its own terms this contractual agreement was to remain in effect until the death or remarriage of Mrs. Bey or until the agreement was modified (the possibility of which was contemplated by the contract) by the trial judge in rendering his final divorce decree. Mrs. Bey was, therefore, entitled to sue on the agreement and to recover $200 for each month prior to entry of the temporary alimony order when no alimony was paid her. See *Brown v. Farkas,* 195 Ga. 653 (2) (25 SE2d 411) (1943); *Shipp v. Shipp,* 125 Ga. App. 574 (188 SE2d 258) (1972).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

Submitted January 5, 1978 — Decided April 4, 1978.

*Scott Walters, Jr.,* for appellant.
*Archie D. Bearden, Jr.,* for appellee.