24592. FUTCH (now Tucker) et al. v. FUTCH.

UNDERCOFLER, Justice. Audrey Helen Tucker, formerly Audrey Helen Futch, filed an attachment for contempt against her former husband Jewell L. Futch. Her claim alleged that the defendant refused to comply with an agreement between the parties which was made a part of the final divorce decree. The agreement provided for alimony for the claimant until her remarriage and for child support for any child awarded to her by the court until it died, married, became self-sup-

porting or reached its majority. The divorce decree awarded custody of Patricia Jo Futch (now Tyson) to the claimant, and custody of Ben Futch to the defendant. The claim alleged that in Paragraph 6 of the agreement the defendant was required to keep in "full force and effect" certain insurance policies with named beneficiaries and that he has failed and refused to comply with said order and, contrary to the terms of said agreement, has changed the beneficiaries of certain policies and allowed certain policies to be canceled or to lapse and that he has failed and refused to keep current the ad valorem taxes assessed against certain property in Valdosta, Georgia, as required by said agreement. The claim demanded that he be held in contempt of court. Patricia Jo Futch Tyson was made a party plaintiff to the suit.

The defendant filed an answer and denied that he was in contempt of court for failure to obey its orders. He filed a motion for summary judgment which alleges that Audrey Helen Futch has now remarried, that Patricia Jo Futch Tyson is 21 years of age and has now married, that he has custody of Ben Futch, and that the ad valorem taxes on the property in Valdosta are paid in full to date. He filed an affidavit in support of his motion for summary judgment. The defendant asserts that since these facts are true, the plaintiffs are not proper parties to bring this suit and that he is not in contempt of court for failing to comply with Paragraph 6 of the agreement. The trial court granted the defendant's motion for summary judgment and the plaintiffs appeal to this court. *Held:*

Since the former wife has now remarried, under the provisions of the agreement between the parties which was made a part of the divorce decree, she is not entitled to alimony. The daughter of the parties whose custody was awarded by the divorce decree to the former wife is now 21 years of age and is married. Therefore, she has no right to child support from her father and cannot require him to continue in effect life insurance policies or restrict him from changing the beneficiaries of such policies. *Tilly v. Canedy,* 217 Ga. 63 (121 SE2d 144); *Newton v. Newton,* 222 Ga. 175 (2) (149 SE2d 128); and *Bateman v. Bateman,* 224 Ga. 20 (2a) (159 SE2d 387).

The custody of Ben Futch was awarded by the divorce decree to the defendant herein and he is not represented in this proceeding. See *Summers v. Summers,* 212 Ga. 614, 615 (1) (94 SE2d 725).

Since there was no genuine issue as to any material fact in this case, the trial judge properly granted the motion of the defendant for a summary judgment. *Code Ann.* § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1968—DECIDED MAY 23, 1968.

*Kitchens & McLane, William H. Kitchens,* for appellants.
*Franklin, Barham, Coleman, Elliott & Blackburn, Omer W. Franklin, Jr.,* for appellee.