## 36415. HATHCOCK v. HATHCOCK.

Per curiam.

The parties were divorced in 1975 and a settlement agreement was incorporated into the decree. In 1979, the former husband brought a petition under Code Ann. § 30-220 (b) seeking to modify his alimony payments based on the former wife's alleged voluntary cohabitation with a third party of the opposite sex. Wife moved for summary judgment which was denied. On appeal, she alleges four reasons that the trial judge should have granted summary judgment.

1. Wife first contends that both parties to the settlement agreement waived all rights to future modification of alimony payments. " 'Waiver is a voluntary relinquishment of some known right, benefit or advantage, which, except for such waiver, the party otherwise would have enjoyed.' " *Jordan v. Flynt,* 240 Ga. 359, 366 (240 SE2d 858) (1977); *Barnes v. Goodner,* 77 Ga. App. 448, 450 (49 SE2d 128) (1948). The right to terminate alimony payments under Code Ann. § 30-220 (b), having come into existence in 1977, could not have been a "known right" in 1975 when this agreement was made part of the divorce decree. Therefore, husband has not waived his right to seek modification under that statute.

2. Wife next contends that the distribution of money described under paragraph six of the agreement is not alimony subject to modification for any reason. The issue is whether a provision for a payment by husband to wife of $2,000 per year for ten years irrespective of the remarriage or death of either party is alimony or a property settlement.[1] This court has held that periodic payments over a given time, with no indication of a lump sum payment or in gross payment other than by multiplying the amount due by the number of times it is to be paid, is alimony. *Solomon v. Solomon,* 241 Ga. 188 (244 SE2d 2) (1978); *Bisno v. Bisno,* 239 Ga. 388 (236 SE2d 755) (1977). However, other aspects of the agreement lead us to the conclusion that paragraph six constitutes a property settlement rather than alimony.

First, other provisions of the agreement provided specifically for weekly payments of alimony. Additional funds provided on an annual basis therefore appear to have some purpose other than for the support of the wife. The theory that the additional funds are instead for the enhancement of the wife's estate is furthered by the provision that the funds will be paid to the wife's estate if she dies before the payments are to terminate. The additional facts that remarriage will not terminate the payments, nor will the death of the husband, also indicate that the payments are not alimony. See *Duncan v. Duncan,* 239 Ga. 789 (238 SE2d 902) (1977). The fact that the parties called these payments "alimony" for income tax purposes, is not controlling. While attaching that name to the payments may be indicative of their intent to create alimony, providing for payments after remarriage or the death of either party is indicative of a contrary

---

[1] We note here that a so-called "property settlement" can only exist by virtue of an agreement. The only method by which a trial judge or jury can award one spouse's property to the other spouse is by granting alimony, either periodic alimony or alimony in kind.

intent. We find that the distribution of money described in paragraph six of the agreement is not alimony and, therefore, wife should have been granted summary judgment on that point.

3. Wife asserts that the undisputed evidence shows that she has not engaged in voluntary cohabitation with a third party. We find that this is an issue of fact for the jury.

The alleged "live-in-lover" testified in his deposition that, while he maintained a separate home, he sometimes spent five or six nights per week at the wife's condominium. An affidavit was submitted on behalf of the husband and from the facts stated therein, a jury could determine that the wife and this friend were "dwelling together continuously and openly in a meretricious relationship."

4. Wife lastly contends that the definition of "cohabitation" contained in Code Ann. § 30-220 (b) is so vague as to render the Code section unconstitutional. That definition is: "As used herein, the word cohabitation shall mean dwelling together continuously and openly in a meretricious relationship with a person of the opposite sex." The definition is clear. All words used are words of common understanding, with the possible exception of "meretricious" which can be found in a dictionary. Persons of ordinary intelligence do not have to guess at its meaning nor differ as to its application any more than any jury may differ as to the application of any statute to a given set of facts. We find that the statute is not unconstitutional for vagueness.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

ARGUED JULY 8, 1980 — DECIDED
SEPTEMBER 4, 1980.

*Ellwood F. Oakley, III,* for appellant.
*James B. Drew, Jr.,* for appellee.

