## 39839. ANDERSON v. ANDERSON.

BELL, Justice.

Essie and Guy Anderson were divorced in 1969. At that time their only child, appellee Claire Anderson, was a minor. Their settlement agreement, incorporated into the decree and judgment of divorce, provided that "At the present time the defendant is owner of three insurance policies, one with Prudential Insurance Company, a Veterans Government National Service Life Insurance Policy, and a Civil Service Employees Life Insurance Policy, and in the nature of support the defendant does hereby agree and bind himself to take the appropriate steps as soon as possible to have the beneficiaries on all of said policies changed so that the said Claire C. Anderson will be beneficiary on all of said policies, and that the endorsement changing the beneficiaries shall also include the statement that the beneficiary on said policies cannot be further changed without the written consent of the beneficiary."

Guy remarried, and after Claire reached majority he substituted his new wife, Nina, as beneficiary of his federal policies. In 1980 he died intestate, and Nina was appointed executrix. The proceeds of the Prudential policy went to appellee but, the proceeds of the federal policies were paid to Nina. Appellee, conceding that federal law prevented a suit against Nina to recover the latter proceeds, see Ridgway v. Ridgway, 454 U. S. 46 (102 SC 49, 70 LE2d 39) (1981), sued Guy's estate. A jury returned a verdict in the amount of the proceeds from the federal policies, and the executrix appeals the judgment entered upon that verdict.

The appeal contains several enumerations, but we need only consider appellant's contention that under the terms of the settlement agreement Guy's obligation to continue to maintain Claire as the beneficiary ceased when she reached majority.

In examining this issue we first emphasize that Guy's statutory duty of support did not include settling an insurance estate on appellee, nor did it include supporting her beyond the age of

majority. *Clavin v. Clavin,* 238 Ga. 421 (233 SE2d 151) (1977). But, there is no question that Guy could voluntarily agree to supply more support than was statutorily required, and thus, for example, could promise to provide life insurance for appellee's benefit, id. at 422, or to support her beyond the age of majority, *McClain v. McClain,* 235 Ga. 659 (221 SE2d 561) (1975).

If, subsequent to the incorporation of a settlement agreement into a decree and judgment, the ex-spouses dispute whether the contract should be interpreted as requiring one ex-spouse to provide more support than is statutorily required, their dispute must be resolved by ascertaining and giving effect to the intention of the parties as expressed in the contractual language. *Goodrum v. Fuller,* 237 Ga. 833 (229 SE2d 639) (1976). In the instant case, there is no question that Guy promised to name appellee as insurance beneficiary, but appellant strongly contends that Guy did not voluntarily obligate himself to continue to provide this support after appellee reached the age of majority.

We have considered this issue on two previous occasions. *Tilly v. Canedy,* 217 Ga. 63 (121 SE2d 144) (1961); *Futch v. Futch,* 224 Ga. 350 (161 SE2d 868) (1968). In *Tilly v. Canedy,* this court considered a settlement agreement whereby the father "agreed to pay a sum certain monthly during the child's minority and to keep certain policies of life insurance in force and effect, and agreed that, in the event he 'fails and refuses to keep said insurance policies in force then in that event he does hereby agree to pay . . . a sum equal to the premium or premiums when due on said policy . . . as support for said minor daughter.' " The father failed to renew a term policy after his daughter became 21, and an application for contempt was made. On appeal we held that the payments on the policies were child support, and that the language of the covenant clearly showed the parties had not contemplated extending support beyond the daughter's minority. Id.

In *Futch,* supra, a settlement agreement required the father to pay child support for each child in the mother's custody until the child died, married, became self-supporting or reached its majority. The father also agreed to keep certain insurance policies with certain named beneficiaries in full force and effect. Custody of the couple's daughter was awarded to the mother. An attachment for contempt was subsequently filed, alleging in relevant part that the father had not fulfilled his obligation to provide insurance for his daughter's benefit. The trial court refused to hold him in contempt, and we affirmed, holding that the daughter had reached her majority and was married, and therefore had no right to child support from her father. Id.

We think that our holdings in *Tilly* and *Futch* clearly evince that, where it is urged that a spouse agreed to abrogate the firmly established legal principle that a parent's duty of support does not extend beyond the child's minority, the language of the settlement agreement will be strictly construed. Under this rule of strict construction, an intention to support the child into its majority will be found only if the agreement contains specific and unambiguous language to that effect. See also *Dolvin v. Dolvin,* 248 Ga. 439 (284 SE2d 254) (1981), holding that a husband's obligation to pay alimony does not survive his death, absent language in the settlement agreement evidencing that that was the parties' manifest intention. Compare *McClain v. McClain,* supra, where we found that a promise to provide a college education was enforceable into the children's majority, even though the settlement agreement did not expressly address that issue.

The insurance provision in the Andersons' settlement agreement describes that insurance as being "in the nature of support," and the provision is devoid of any language indicating whether this support was intended to continue after appellee reached her majority. We therefore find that the insurance provision cannot be reasonably construed as evidencing a manifest intention that the father's contractual obligation to name appellee as his beneficiary was to survive her minority, and, applying the rule of *Tilly* and *Futch,* we therefore hold that upon appellee reaching majority the settlement agreement no longer required him to retain her as beneficiary. The trial court erred in denying appellant's motion for directed verdict, and the judgment must be reversed.

*Judgment reversed. All the Justices concur, except Hill, C. J., and Smith, J., who dissent.*

DECIDED SEPTEMBER 28, 1983.

*John L. Parrott,* for appellant.
*Robert S. Slocumb, Thomas C. Kendrick-Holmes,* for appellee.