### 40754. COUSINS v. COUSINS.
(315 SE2d 420)

HILL, Chief Justice.

This appeal is from an order denying in part the former wife's citation for contempt. When the husband and wife were divorced in March 1982, the decree reserved the issues of child custody and support, alimony, property division, and attorney fees until the parties could reach an agreement, or until trial. A marriage settlement agreement resolving those issues was incorporated into the final decree on November 4, 1982.

We are concerned with paragraph 9 of the settlement agreement, which provides: "The parties recognize that there is existing 31,250 shares of Cousins Properties, Inc., stock which because of the restriction on the sale of said stock cannot be sold before May 15, 1983. Between May 15, 1983 and August 1, 1983, the said described shares shall be sold at a time directed by the Wife between May 15, 1983 and August 1, 1983. From the proceeds received from the sale of the stock, there shall be deducted therefrom the amount of $175,000.00. After the deduction of the amount of $175,000.00, the balance shall be paid to the Wife. The Husband shall be responsible for the long-term capital gains tax incurred as a result of the sale of the stock. The Husband shall indemnify the Wife against any claim made against

the Wife by the Federal and State Government resulting from the sale of the stock for any taxes due as a consequence of the sale of said stock. The intent and purpose of this Paragraph is for the Wife to receive a sum equal to the selling price of a share of the stock on the date of the sale times the number of shares (31,250), less $175,000.00. The proceeds derived from the sale of the said stock by the Wife constitutes a division of marital property and the provisions of this Paragraph shall survive the remarriage or death of the Wife."

In April 1983, Cousins Properties, Inc., authorized an 8 cents per share dividend to stockholders of record on May 9, 1983, payable May 23, 1983, and a five for four stock split for stockholders of record on May 9, 1983, effective June 20, 1983. The dividend amounted to $2,500 on the 31,250 shares provided for in the marriage settlement agreement, and the stock split yielded an additional 7,812 shares.

The husband sold 31,250 shares of the stock in July on the date specified by the wife, and the $175,000 provided for in the agreement has been retained by him, along with the $2,500 dividend and the additional 7,812 shares of stock.

The wife filed a citation for contempt alleging that the husband was in wilful violation of paragraph 9 of the settlement agreement made part of the final divorce. She alleged that she was entitled to the additional 7,812 shares of stock generated by the stock split and prayed that the husband be required to transfer the stock to her. She also claimed, among other things, that she was entitled to the $2,500 dividend. The trial court granted the citation for contempt in part but denied it as to the 7,812 shares which resulted from the stock split and as to the $2,500 dividend. We granted the former wife's application to appeal.

1. The wife urges that the trial court erred by denying her citation for contempt as to the additional 7,812 shares generated by the stock split. The husband contends that the wife is not entitled to the benefit of the stock split since she was not the record owner of the stock at the time of the split, and no transfer of title was contemplated by the settlement agreement.

We agree that the title to the 31,250 shares of stock was not transferred to the wife by paragraph 9, and therefore Herder v. Herder, 32 Ohio App.2d 75 (1972), although helpful, is not directly applicable.

Where the parties in a divorce action enter into a settlement agreement, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties. *Brown v. Farkas*, 195 Ga. 653 (2) (25 SE2d 411) (1943); *Paul v. Paul*, 235 Ga. 382 (219 SE2d 736) (1975); OCGA § 13-2-3. In approving and adopting a settlement agreement, the court adopts the meaning and effect of the agreement

as it was intended by the parties.

Here the settlement agreement states that "the intent and purpose of this Paragraph is for the Wife to receive a sum equal to the selling price of a share of stock on the date of the sale times the number of shares (31,250) less $175,000. The proceeds derived from the sale of the said stock by the Wife constitutes a division of marital property . . . ." The purpose of a property division is to unscramble the ownership of marital property, and give each spouse what is equitably his or hers. See *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980). The intent of the parties that the husband receive $175,000 as his share of the marital property and that the wife receive the remaining value from the sale of the 31,250 shares of stock is clearly set forth in the agreement.

The effect of a stock split is to change the form of a stockholder's interest by increasing the number of shares, diminishing the value of each share and leaving the actual value of the stock in the aggregate substantially the same. "A stock split is essentially one of form and not of substance." Fletcher Cyclopedia Corp. (Perm. Ed.) Vol. 11, Chap. 58, § 5362.1; 19 AmJur2d 285, Corporations, § 808.[1] To allow the husband to pay the wife the proceeds of sale of only 31,150 shares after the stock split would allow him to reduce the value of the wife's share of the marital property and defeat the intent of the parties.

Confirmation of this conclusion can be seen from the following: If, instead of a five for four stock split, Cousins Properties had declared a two for one stock split, sale of only 31,250 shares could have produced a sum less than $175,000. The husband would then have all the proceeds of the sale of 31,250 shares of stock, plus the additional 31,250 shares resulting from the two for one stock split, and the wife would receive nothing under paragraph 9 of the agreement. Clearly, this was not the intent of the parties as expressed in the agreement. We hold that the wife is entitled to the proceeds which would have been realized if the husband had sold the additional 7,812 shares of stock generated by the stock split on the date specified by the wife.

2. The wife claims she is entitled to the $2,500 cash dividend and that the trial court erred in denying her citation for contempt on this issue.

A cash dividend is a return on the stockholder's investment in the corporation paid from its profits. 11 Fletcher Cyclopedia Corporations, § 5318; 19 AmJur2d 285, supra, §§ 809, 814. As noted above, the settlement agreement did not transfer title to the Cousins' stock to the wife; hence the husband continued as its owner until it was sold.

---

[1] Although an argument could be made that a stock dividend, rather than a stock split, was declared, we refer to the transaction as a stock split, as it has been treated by the parties.

The dividend was declared for stockholders of record on May 9, 1983, on which date the husband was the stockholder of record.

Regarding the stock split, the parties demonstrated their intent in their agreement (see Division 1, above). However, paragraph 9 fails to demonstrate any intention that the wife receive dividends on the stock held in her former husband's name. The parties having left title to the stock in the husband during the period from execution of the separation agreement in November 1982, until its sale after May 15, 1983, and having made no contrary provision as to the payment of dividends during that period, we cannot say that the parties intended that dividends declared during such period would go to the wife. We therefore find that the trial court was correct in refusing to find the former husband in contempt for declining to pay the $2,500 dividend to the wife.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED MAY 16, 1984 — REHEARING DENIED MAY 30, 1984.

*Dupree & Staples, Hylton B. Dupree, Jr., Mark A. Johnson,* for appellant.

*Barnes & Browning, Roy E. Barnes, Thomas J. Casurella,* for appellee.