45219. LAW v. CHEEK-LAW.
(366 SE2d 680)

CLARKE, Presiding Justice.

This case puts in issue the question of the application of the rule pronounced in *Varn v. Varn*, 242 Ga. 309 (248 SE2d 667) (1978), to a divorce agreement and its provision dealing with a waiver of the right to seek modification. The trial court held the husband waived the right to modify. We disagree.

The provision of the contract under consideration reads as follows:

Both parties expressly waive any right they may have to modify the terms of this agreement under the laws of this state or any other state. Specifically plaintiff (wife) waives the right provided in Ga. Code Ann. § 30-220, et seq., to modify the provisions of this agreement relating to alimony at any time in the future.

In his appeal, the husband maintains the first sentence in the

modification paragraph fails to bar modification because of ambiguity, and that the paragraph does not specifically mention alimony. He further contends that the second sentence accurately states the true intent of the party which was to waive only the wife's right to modify alimony payments.

In *Varn v. Varn*, supra, we held that only clear words of waiver referring to the right of modification can effectively deprive the parties of their right to seek modification. The import of this holding is that an ambiguous or contradictory provision fails to constitute a waiver of rights. The provision in question in this case begins with the statement that both parties waive any right to modify the agreement. It ends by specifically stating the wife waives her right to modify alimony. At worst, these two sentences amount to a contradiction. At best, they create an ambiguity. On one hand, both parties seem to waive all rights to modify. On the other hand, only the wife seems to have waived the right to modify alimony. From such a mixture, we are unable to clearly discern the intent of the parties. Under such circumstances, we find the contract fails to meet the test established in *Varn*.

*Judgment reversed. All the Justices concur, except Marshall, C. J., Smith and Weltner, JJ., who dissent.*

WELTNER, Justice, dissenting.

I respectfully dissent.

1. *Varn v. Varn*, 242 Ga. 309, 311 (248 SE2d 667) (1978) held: "[T]he right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification."

2. In this case, the parties agreed: "Both parties expressly waive any right they may have to modify the terms of this agreement under the laws of this state or any other state."

In my opinion, that provision fits precisely the *Varn* requirement of "very clear waiver language, which refers to the right of modification."

3. The argument to the contrary may be found in the sentence immediately following that quoted above, which is: "Specifically, plaintiff (wife) waives the right provided in Ga. Code Ann. § 30-220 et seq., to modify the provisions of this agreement relating to alimony at any time in the future."

This sentence could be interpreted as nothing more than an identification of *one* of the several rights that both have waived, and hence it would not vitiate the broad mutual waiver that precedes it.

I am authorized to state that Chief Justice Marshall and Justice Smith join in this dissent.

DECIDED APRIL 7, 1988 —
RECONSIDERATION DENIED APRIL 27, 1988.

*Custer, Hill & Clark, Lawrence B. Custer, Douglas A. Hill,* for appellant.
*Daniel C. B. Levy,* for appellee.