## S89A0343. GERAGHTY v. GERAGHTY.
(385 SE2d 85)

WELTNER, Justice.

We granted discretionary appeal to determine whether certain language in an alimony agreement was sufficient to accomplish a waiver of the right to seek modification. The language in question is: "The parties herein waive their Statutory right to a modification now and forever."

1. The rule stated in *Varn v. Varn,* 242 Ga. 309, 311 (1) (248 SE2d 667) (1978) is:

[P]arties to an alimony agreement may obtain modification unless the agreement expressly waives the right of modification by referring specifically to that right; the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification.

2. We find that the provision in question meets the requirements of *Varn,* as it is "very clear waiver language which refers to the right

of modification." Our case of *Brenizer v. Brenizer*, 257 Ga. 427 (360 SE2d 250) (1987), is not applicable. There, the agreement nowhere contained the word "waiver." Nor did it refer to any *right* of modification.[1] At most, it reiterated the general proposition that contracts may be altered only by mutual consent.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 1989.

*John F. Geraghty*, pro se.
*Gary M. Alembik, Jr.*, for appellee.

---

[1] The agreement provided: "10. MODIFICATION. The provisions of this agreement shall not be modified or changed except by mutual consent and agreement of the parties, expressed in writing."