## S99A0060. CANNON v. CANNON.
### (514 SE2d 204)

CARLEY, Justice.

The parties were divorced in 1996. The final divorce decree incorporated a settlement agreement which, in pertinent part, provides as follows: "Both parties specifically waive and relinquish any right either has or may have to the provision for revision of judgment for permanent alimony pursuant to OCGA § 19-6-19." Despite this waiver provision, Mr. Cannon filed a subsequent petition for modification of alimony based upon a change in his financial condition. Ms. Cannon filed a motion to dismiss, but the trial court ruled that

---

[6] OCGA § 16-5-2 (a).

the settlement agreement did not "create a waiver of either party's right to seek a modification of alimony. . . ." However, the trial court did certify this order for immediate review. In a separate order, the trial court entered a temporary downward modification of alimony. Ms. Cannon appealed pursuant to this Court's grant of an interlocutory appeal on this issue, but she died during the pendency of the appeal. Despite Ms. Cannon's death, the appeal is not moot because the amount of alimony due to her estate for the period between the temporary modification and her death is still at issue. See *United States Fidelity & Guaranty Co. v. Dunbar*, 112 Ga. App. 102, 104 (1) (143 SE2d 663) (1965).

The parties to a divorce agreement may waive the right to seek a modification of alimony only by employing very clear waiver language which specifically refers to that right. *Varn v. Varn*, 242 Ga. 309, 311 (1) (248 SE2d 667) (1978). However, no "magic words" are required. *Varn v. Varn*, supra. This Court has held that a provision which, like the one at issue here, expressly waives the right to a revision of alimony and specifically cites OCGA § 19-6-19 complies with the test of *Varn v. Varn*, supra. *Beard v. Beard*, 250 Ga. 449 (298 SE2d 495) (1983). Compare *Nelson v. Mixon*, 265 Ga. 441, 443 (2) (457 SE2d 669) (1995) (waiver contained neither a specific reference to alimony nor any reference to statutory law). The waiver in this agreement is clear and unambiguous, and is valid and enforceable. *Schwartz v. Schwartz*, 256 Ga. 102, 103 (344 SE2d 423) (1986). See also *Geraghty v. Geraghty*, 259 Ga. 525 (385 SE2d 85) (1989); *Daniel v. Daniel*, 250 Ga. 849, 851 (2) (301 SE2d 643) (1983).

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 8, 1999.

*W. Al Turner, Jr., Tom W. Thomas, Sr.,* for appellant.
*Bennett Law Firm, Mike S. Bennett, Sr., Michael S. Bennett, Jr., James T. Bennett,* for appellee.