## S99A1311. ASHWORTH v. BUSBY.
### (526 SE2d 570)

SEARS, Justice.

Appellee filed a petition in the trial court seeking to modify his permanent alimony obligations to appellant. Appellant filed a motion for summary judgment, in which she argued that appellee had waived his right to seek such modification. The trial court denied appellant's request for summary judgment, and this Court granted her discretionary application. Finding that the parties' settlement agreement contains a clear and express waiver of the right to seek a modification of alimony, we reverse.

In October 1984, the parties entered into a settlement agreement that purported to resolve all issues relative to their divorce, which was later incorporated into their final divorce decree. Pursuant to the incorporated settlement agreement, the appellee ex-husband was ordered, among other things, to pay permanent alimony in monthly installments. Part 15 of the agreement states that it was intended by both parties "as full and final settlement of any and all rights or obligations either may have from or to the other . . . in any way incidental to their marriage to each other." Part 13 of the settlement agreement reads as follows:

> [Appellee and appellant] expressly waive any right which she or he may have to modify or revise this Agreement or to modify or revise any Judgment in any action providing for permanent alimony or to petition to modify or rescind any decree or judgment of which this Agreement is made a part. Except as specifically provided herein, no modification or waiver of any of the terms hereof shall be valid unless in writing and signed by both of the parties. The failure of either party to insist upon strict performance of any of the provisions of which [sic] Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature.

In 1997, appellee filed a petition seeking a statutory downward modification of his alimony obligations, claiming that his income and financial status had declined since entry of the decree, while the

appellant's income and financial status had improved since that time. Appellant filed a motion for summary judgment, in which she claimed that Part 13 of the settlement agreement constituted an express waiver of appellee's right to seek a modification of alimony. The trial court disagreed, and denied appellant's summary judgment motion. Her discretionary application to appeal to the Supreme Court was granted, so that we could consider whether the trial court erred in denying summary judgment in her favor.

In *Varn v. Varn*,[1] this Court considered the effect of language that was also set forth in a settlement agreement and incorporated into a decree of divorce. The language examined in *Varn* stated that the divorced parties in that case considered their agreement "to be full and complete settlement" of all present and future claims each had against the other "arising out of the parties' marital relationship."[2] Moreover, the *Varn* agreement provided that the parties consented that "no modification or waiver of any of the terms [in the agreement] will be valid unless made in writing and signed by both parties."[3]

Based upon this language, the Supreme Court in *Varn* affirmed the trial court's dismissal of the ex-husband's action for a downward modification of alimony, because it concluded that in the incorporated settlement agreement, the ex-husband had waived his right to seek modification.[4] In so doing, the Court adopted the following rule:

> [P]arties to an alimony agreement may obtain modification unless the agreement expressly waives the right of modification by referring specifically to that right; the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification. . . . We do not intend to adopt any "magic words" test.[5]

This rule enunciated in *Varn* has been reiterated in subsequent cases holding that a divorce agreement may include a waiver of the right to seek modification so long as it employs clear waiver language that refers to that right.[6]

---

[1] 242 Ga. 309 (248 SE2d 667) (1978).

[2] Id.

[3] Id., 242 Ga. at 308-309.

[4] Id.

[5] Id., 242 Ga. at 311.

[6] See *Cannon v. Cannon*, 270 Ga. 640 (514 SE2d 204) (1999) (finding sufficient language that the parties waived any right "for [the] revision of judgment for permanent alimony pursuant to OCGA § 19-6-19"); *Geraghty v. Geraghty*, 259 Ga. 525 (385 SE2d 85) (1989) (finding sufficient language that the parties waive their statutory right "to modification now and forever").

In this case, the terms of the settlement agreement between appellant and appellee are quite similar to the terms contained in the *Varn* agreement, and it also contains additional terms that comply with the rule enunciated in *Varn*. As in *Varn*, the settlement agreement between appellant and appellee states that the parties intended to resolve all claims and rights relative to their marriage and divorce, and that there could be no modification or waiver of the terms contained therein absent written assent from both parties. Yet in the present matter, the ex-husband urges that the settlement agreement does not constitute a valid waiver because it fails to specifically refer to a waiver of either (1) the *statutory right* to seek modification, or (2) the right to seek a modification of *the alimony awarded*.

As made clear by our ruling in *Varn*, no "magic words" are required in order to effectuate a waiver of the right to seek a future modification of obligations incidental to a divorce. All that is required is "very clear waiver language *which refers to the right of modification*."[7] *Varn* cannot be construed as requiring that the right of modification being waived must be identified as "statutory." It is true that we have previously upheld waivers in which the right of modification being waived has been identified by the relevant statute,[8] but those cases do not impose such a requirement on future waivers, and we decline to adopt such a requirement here.

Concerning the ex-husband's other argument — that in order to be valid, his waiver must refer specifically to future claims seeking a modification of the alimony awarded — the settlement agreement in this matter does make specific reference to such claims by providing that, "Husband and wife expressly waive any right which she or he may have to modify or revise this Agreement or to modify or revise *any Judgment in any action providing for permanent alimony* or to petition to modify or rescind any decree or judgment of which this Agreement is made a part." When the settlement agreement between appellant and appellee was incorporated into the final divorce decree, it became the judgment of the trial court. The parties' settlement agreement makes specific and unambiguous reference to the "right . . . to modify . . . any Judgment . . . providing for permanent alimony." This language satisfies *Varn's* requirement that the waiver must refer to the right of modification, and appellee cannot claim that it is insufficiently specific to constitute a relinquishment of his right to seek a downward modification of his alimony obligations.[9]

---

[7] See note 5, supra, and accompanying text.

[8] See, e.g., *Cannon*, supra; *Geraghty*, supra.

[9] For this reason, the ex-husband's reliance upon the reasoning set forth in *Nelson v. Mixon*, 265 Ga. 441 (457 SE2d 669) (1995) is misplaced. The waiver language in that case

For the reasons discussed above, under *Varn* and its progeny, and in accordance with the plain meaning of the settlement agreement's provisions, we conclude that appellee waived his right to seek a unilateral downward modification of his permanent alimony obligations. It follows that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. All the Justices concur, except Carley and Thompson, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

I completely agree with the majority that *Varn v. Varn*, 242 Ga. 309 (248 SE2d 667) (1978), properly construed, controls this case and requires a holding that the waiver language here involved is viable, valid and effective. However, I cannot agree with the majority's conclusion in footnote 9 that *Nelson v. Mixon*, 265 Ga. 441 (457 SE2d 669) (1995), is distinguishable. For the reasons set forth in my dissent in *Nelson*, the holding therein is inconsistent with the underlying rationale of *Varn*. To the extent that *Nelson* is inconsistent with *Varn* and today's majority opinion, it should be overruled.

I am authorized to state that Justice Thompson joins in this special concurrence.

DECIDED FEBRUARY 28, 2000 —
RECONSIDERATION DENIED MARCH 24, 2000.

*Stemberger & Associates, William J. Stemberger,* for appellant.
*Sanders, Haugen & Sears, Robin G. Mayer,* for appellee.

---

did not refer to the right to seek modification of the alimony awarded, and therefore that case is distinguishable from the present appeal.