## S02A1333. CARLOS v. LANE.
### (571 SE2d 736)

HUNSTEIN, Justice.

We granted Chris Carlos' application for discretionary appeal to consider whether the trial court erred by entering an order dismissing his petition for modification of alimony on the basis that the divorce settlement agreement incorporated into the final judgment and decree of divorce contained a valid waiver. Because we conclude that the settlement agreement contained a valid waiver of Carlos' right to bring an action to modify the award of alimony based on OCGA § 19-6-19 (b), we affirm.

Two days before the January 1, 1998 marriage of Carlos and Vivian Lane, the parties entered into a premarital agreement in which Carlos obligated himself to pay alimony. When the parties divorced in 2000, the final decree of divorce incorporated a settlement agreement that required Carlos to make monthly alimony payments for 60 months, terminable upon the remarriage of Lane. This agreement further provided that the parties intended to

waive their respective statutory rights to future modifications up or down of the alimony payments for which this Agreement provides, based upon a change in the income or financial status of either party. The statutory modification rights waived herein shall include those rights set out in OCGA § 19-6-19 *et seq*.

(Emphasis supplied.) In 2001 Carlos petitioned for alimony modification under OCGA § 19-6-19 (b) based on Lane's involvement in a mer-

etricious relationship. The trial court entered judgment on the pleadings and dismissed the petition on the ground that Carlos had waived his right to seek such alimony modification.

A party in a divorce action who is obligated to make periodic payments of alimony for the support of the former spouse, may seek modification of the provision for alimony if the former spouse voluntarily cohabits "with a third party in a meretricious relationship." OCGA § 19-6-19 (b). The right to seek modification of alimony may be voluntarily waived, however, if the parties enter into an agreement that contains a waiver of the right to seek a revision of alimony. See *Varn v. Varn*, 242 Ga. 309, 311 (1) (248 SE2d 667) (1978). Accord *Ashworth v. Busby*, 272 Ga. 228 (526 SE2d 570) (2000). Carlos contends that by the express terms of the agreement, the parties did not waive the right to seek modification under subsection (b).

In any situation involving the construction of a domestic or non-domestic contractual agreement, the goal is to look for the intent of the parties. See generally *McAbee Constr. Co. v. Ga. Kraft Co.*, 178 Ga. App. 496 (343 SE2d 513) (1986) (cardinal rule of contract construction is to ascertain the intention of the parties by looking at the contract as a whole); *Schwartz v. Schwartz*, 256 Ga. 102 (344 SE2d 423) (1986). We look first to the language employed in the agreement to determine the intent of the parties. If the language is plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further. See *Geraghty v. Geraghty*, 259 Ga. 525 (385 SE2d 85) (1989); *Schwartz*, supra; *Daniel v. Daniel*, 250 Ga. 849 (2) (301 SE2d 643) (1983). In construing a settlement agreement, the determining factor is not the presence of "magic words," *Varn*, supra, 242 Ga. at 311, but the usage of very clear waiver language that specifically refers to the right to be waived. Indeed, we held in *Cannon v. Cannon*, 270 Ga. 640 (514 SE2d 204) (1999) that the judicial inquiry is complete when an agreement unequivocally "waives the right to a revision of alimony and specifically cites OCGA § 19-6-19. [Cit.]" Id. See *Daniel v. Daniel*, supra, 250 Ga. at 849 (2). See also *Beard v. Beard*, 250 Ga. 449 (298 SE2d 495) (1983). Compare *Nelson v. Mixon*, 265 Ga. 441, 443 (2) (457 SE2d 669) (1995) (waiver contained neither a specific reference to alimony nor any reference to statutory law).

Applying these principles to the settlement agreement at issue, we find the waiver language employed in the agreement is plain and unambiguous in its intention that alimony payments will continue under the terms of the agreement even in "the event of a change in the income and financial status of either former spouse," OCGA § 19-6-19 (a), or "the voluntary cohabitation of such former spouse with a third party in a meretricious relationship." Id. at (b). Contrary to Carlos' position, the statutory citation referenced in the agreement clarifies that the parties intended to waive alimony revision under all

subsections of the statute. When parties make an express reference to an entire statute by employing "et seq.,"[1] that language is sufficiently specific to constitute a relinquishment of the right to seek revision of alimony obligations under any subsection of the cited statute. Had the parties intended to exclude subsection (b) from the waiver provision, they could have specifically done so. Accord *Daniel v. Daniel*, supra, 250 Ga. at 851 (divorcing spouses are at liberty to "preserve the right to modify alimony in the event of voluntary cohabitation"). In the absence of such exclusionary language, and considering the agreement's express reference to the statute in its entirety, we reject Carlos' contention that in drafting the settlement agreement the parties intended to waive only the statutorily provided right to modify or revise the settlement agreement found in subsection (a). To hold otherwise would not only unduly emphasize one portion of the waiver provision (the financial language) over the waiver provision as a whole, it would ignore the rule enunciated in *Ashworth v. Busby*, supra, 272 Ga. at 230, that we should uphold "waivers in which the right of modification being waived has been identified by . . . statute."

Just as the rule set forth in *Varn* cannot be used to deprive a spouse of his or her right to litigate alimony revision where the right to seek revision has not been waived in the agreement, *Varn*'s rule cannot be contorted to deprive a party of his or her right to stop litigation of the modification issue where the agreement provides for the waiver of such rights. Therefore, in light of the unambiguous nature of the waiver paragraph, we conclude that the trial court did not err in giving effect to the intent of the parties. The trial court correctly granted the motion for judgment on the pleadings and dismissed the modification petition.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., Sears, P. J., and Carley, J., who dissent.*

CARLEY, Justice, dissenting.

Inexplicably, the majority finds a clear and express waiver of Carlos' right to seek modification of alimony on the basis of Appellee's voluntary cohabitation in a meretricious relationship, even though the settlement agreement specifies only another completely different ground. Furthermore, the majority opinion purports not to require "magic words," but actually holds that a mere citation of the modification statute, without more, magically converts language of limited import into a general waiver of an ex-spouse's right to modify

---

[1] "Et seq." is defined in Ballentine's Law Dictionary (3rd ed. 1969), p. 423 as "and as follows" and similarly defined in Black's Law Dictionary (7th ed. 1999), p. 574 as "[a]nd those (pages or sections) that follow" (parenthetical in original).

alimony.

"The parties to a divorce agreement may waive the right to seek a modification of alimony only by employing very clear waiver language which specifically refers to that right. [Cit.]" *Cannon v. Cannon*, 270 Ga. 640, 641 (514 SE2d 204) (1999). See also *Varn v. Varn*, 242 Ga. 309, 311 (1) (248 SE2d 667) (1978) (adopting this "clear and express waiver test"). The entire provision at issue reads as follows:

> The parties both hereby waive their respective statutory rights to future modifications up or down of the alimony payments for which this Agreement provides, *based upon a change in the income or financial status of either party*. The statutory modification rights waived *herein* shall include those rights set out in *OCGA § 19-6-19 et seq.*, and similar laws of this State and any other jurisdiction. (Emphasis supplied.)

"[W]e have previously upheld waivers in which the right of modification being waived has been identified by the relevant statute. . . ." *Ashworth v. Busby*, 272 Ga. 228, 230 (526 SE2d 570) (2000). However, the presence or absence of a statutory citation does not necessarily resolve the issue of waiver. See *Ashworth v. Busby*, supra. Here, the applicable statutory provision pursuant to which Carlos seeks modification is subsection (b) of OCGA § 19-6-19. In the agreement itself, the parties cited OCGA § 19-6-19 generally, making no reference to particular subsections. However, by specifying that the waiver was of the right to modification "based upon a change in the income or financial status of either party," the parties clearly intended to waive only the modification rights set forth in subsection (a) of OCGA § 19-6-19. Moreover, the agreement refers to the rights waived "herein," which means those expressed in the agreement itself. Black's Law Dictionary, p. 731 (7th ed. 1999). The sole ground of modification explicitly recognized in the agreement is that which is set forth in subsection (a) of OCGA § 19-6-19. Thus, I submit that the parties

> waive[d] the right to modify alimony based upon a change in the income or financial status of either former spouse, OCGA § 19-6-19 (a) ([cit.]), and preserve[d] the right to modify alimony in the event of voluntary cohabitation in a meretricious relationship, OCGA § 19-6-19 (b) ([cit.]).

*Daniel v. Daniel*, 250 Ga. 849, 851 (2) (301 SE2d 643) (1983). See also *Hathcock v. Hathcock*, 246 Ga. 233, 234 (1) (271 SE2d 147) (1980) (also distinguishing between the rights found in each subsection).

"[A]n ambiguous or contradictory provision fails to constitute a

waiver of rights." *Law v. Cheek-Law*, 258 Ga. 190, 191 (366 SE2d 680) (1988). The parties unambiguously waived the right to modify alimony based on a change in income or financial status, but they did not do so based upon the applicability of the live-in lover provision. See *Law v. Cheek-Law*, supra. Although the parties utilized waiver language which was suggested in *Varn v. Varn*, supra at 311 (1), fn. 1, the agreement does not clearly and expressly indicate that they intended to broaden the scope of that language so as to include a waiver of the "live-in lover" right of modification as set forth in OCGA § 19-6-19 (b). Compare *Daniel v. Daniel*, supra at 852 (2).

The majority states that, "[h]ad the parties intended to exclude subsection (b) from the waiver provision, they could have *specifically* done so." (Emphasis supplied.) (Maj. op. p. 676.) Thus, the effect of today's decision on future cases is enormous. The majority has abandoned this state's longstanding "clear and express waiver" rule and replaced it with a "clear and express non-waiver" rule. Henceforth, the parties must specify any ground of modification which they are *not* waiving. I can only conclude that the majority intends to return to the previous philosophy of "finding waivers of [the right to modification] behind a variety of contractual phraseology. . . ." *Varn v. Varn*, supra at 310 (1). *Varn* rejected that policy, and under the rule established in *Varn*, Carlos did *not* clearly and expressly waive his right to modify alimony under subsection (b) of OCGA § 19-6-19 and the trial court erred in dismissing the petition for modification. However, today the Court reverts to the pre-*Varn* rule that the tail (waiver) wags the dog (the statutory right to modification). Because I cannot countenance this departure from settled and well-reasoned precedent, I dissent to the judgment affirming the trial court's dismissal of the modification petition.

I am authorized to state that Chief Justice Fletcher and Presiding Justice Sears join this dissent.

DECIDED OCTOBER 28, 2002.

*Chorey, Taylor & Feil, Lisa F. Harper*, for appellant.
*James J. McGinnis*, for appellee.