## S03A0309. DOHN v. DOHN.
(584 SE2d 250)

Benham, Justice.

Ms. Dohn appeals an order denying her motion for contempt and holding that Dr. Dohn is no longer required by their divorce decree to maintain a $500,000 life insurance policy naming her as beneficiary. Pursuant to the agreement incorporated into their divorce decree, Dr. Dohn was required to pay, in addition to periodic alimony, specified expenses, including the costs of private school for their two children, health and medical expenses for the children, educational expenses for Ms. Dohn, certain mortgage payments, federal and state income taxes, and all of the couple's outstanding debts. The agreement and decree also required Dr. Dohn to maintain a $500,000 insurance policy with Ms. Dohn as beneficiary until all his financial obligations had terminated and provided that if he failed to do so, any future financial obligations would be a charge against his estate.[1] The motion for contempt contended that although Dr. Dohn still had a

---

[1] Paragraph 13 of the agreement incorporated into the divorce decree reads as follows: The Husband agrees to maintain a minimum of $500,000.00 in unencumbered life insurance on his life with the Wife named as beneficiary. The Husband may satisfy this obligation by any unencumbered policy or combination of policies, and he shall keep such policy or policies in full force until all financial obligations required of the Husband have been terminated. Should the Husband not provide or maintain such policy, then all future support payments required to be made by the Husband shall be a first charge against his estate, and the executors, trustees or personal representatives of the Husband's estate are directed to pay such sums prior to payment of other creditors or beneficiaries of the estate, notwithstanding provisions of the Husband's Last Will and Testament to the contrary.

financial obligation to Ms. Dohn in the form of periodic alimony, he failed to maintain a $500,000 life insurance policy with Ms. Dohn as the beneficiary. Dr. Dohn answered by asserting that because periodic alimony, his only remaining financial obligation, was not the type of financial obligation contemplated in the "Life Insurance" section of the divorce decree, he is not required to keep Ms. Dohn as beneficiary of a life insurance policy. Holding that Dr. Dohn's periodic alimony obligation expires at his death and is not the type of "financial obligation" that would compel Dr. Dohn to maintain his ex-wife as beneficiary of the insurance policy, the trial court concluded that because all other financial obligations (mortgage, education expenses, outstanding debts, etc.) had been satisfied, Dr. Dohn is no longer required to maintain Ms. Dohn as beneficiary on a life insurance policy. We granted Ms. Dohn's application for discretionary appeal and posed the following question:

> Did the trial court err in interpreting the parties' divorce agreement to find that the ex-husband's periodic alimony obligation is not a "financial obligation" required of the ex-husband, as stated in Paragraph 13 of the agreement, thus relieving the ex-husband of his obligation under the agreement to maintain a $500,000 life insurance policy naming his ex-wife as beneficiary?

"Where the parties in a divorce action enter into a settlement agreement, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties. [Cits.]" *Cousins v. Cousins*, 253 Ga. 30 (1) (315 SE2d 420) (1984). "The construction of a contract is a question of law for the court." OCGA § 13-2-1. "In any situation involving the construction of a domestic . . . contractual agreement, the goal is to look for the intent of the parties. [Cit.]" *Carlos v. Lane*, 275 Ga. 674, 675 (571 SE2d 736) (2002).

In the present case, the trial court undertook a construction of the settlement agreement and concluded that the insurance requirement was intended by the parties only to secure his performance of obligations imposed by the settlement agreement other than periodic alimony. To reach that conclusion, the trial court reasoned that if the parties had intended for the insurance policy to be income for Ms. Dohn, i.e., a replacement of periodic alimony after Dr. Dohn's death, the consequence of a default would have been that the face amount of the policy would become a charge against his estate. Since the agreement provided instead that a default would result in "all future support payments" being a charge against the estate, the trial court reasoned that the insurance requirement was intended to fund only

those obligations which would survive Dr. Dohn's death.

That conclusion, however, runs afoul of another principle of contract construction: "In applying the rules of construction of contracts, we look to that construction which will uphold the contract as a whole and not make any provision meaningless. [Cit.]" *Harvey v. J. H. Harvey Co.*, 256 Ga. App. 333, 342 (568 SE2d 553) (2002). As Ms. Dohn argues, the trial court's interpretation violates the principle stated above in that it makes meaningless the use of the word "all" in the requirement that Dr. Dohn "shall keep such policy or policies in full force until all financial obligations required of the Husband have been terminated." The fact that Dr. Dohn has a present and ongoing obligation to pay alimony is unquestioned, and that his alimony obligation is part of "all financial obligations required of the Husband" is likewise undeniable.

Dr. Dohn contends that argument overlooks the context of the quoted language, which is the establishment of security for the payment of his obligations in the event of his death. However, even accepting his argument that his periodic alimony obligation will not survive his death, the facts remain that he is under a current obligation to pay and that there are circumstances, such as his potential failure to remain current with his alimony obligation and her reduction of the arrearage to judgment, which could constitute an obligation arising from the divorce decree which would survive his death. That being so, it is premature to conclude that he has satisfied all obligations which could survive his death. Whatever the subjective intentions of the parties may have been when the settlement was drafted, the language of the agreement they executed expresses an intent that all of Dr. Dohn's financial obligations to Ms. Dohn be secured by an insurance policy naming her as beneficiary.

Finally, Ms. Dohn asserts that the trial court's resolution of the controversy regarding the meaning of the insurance provision of their agreement is so different from the intentions of the parties that it constitutes a modification, which a trial court is not authorized to do in the context of a contempt proceeding. We agree. While the trial court has broad discretion to determine whether the decree has been violated and has authority to interpret and clarify the decree, it does not have the power in a contempt proceeding to modify the terms of the agreement or decree. *Blair v. Blair*, 272 Ga. 94 (1) (527 SE2d 177) (2000). In the present case, the trial court went beyond interpretation and into the realm of modification when it ruled, not that Dr. Dohn was not willfully in contempt of the decree, but that no obligation to maintain the policy existed under the decree.

Having concluded that the trial court's interpretation of the decree was incorrect and that its judgment in this contempt action amounted to a forbidden modification of the decree, we reverse the

judgment below. Upon remittitur, the trial court must consider, in light of our ruling that the requirement for maintenance of an insurance policy is still in effect, whether Dr. Dohn's failure to maintain the policy amounts to willful contempt.

*Judgment reversed. All the Justices concur, except Hunstein and Thompson, JJ., who concur specially.*

HUNSTEIN, Justice, concurring specially.

While I concur with the majority that the trial court erred by ruling in favor of Carl Dohn, I would hold that where, as here, the language of a contract is clear and unambiguous, the courts must look to it and it alone to determine the intention of the parties. See *Kruse v. Todd*, 260 Ga. 63, 67 (389 SE2d 488) (1990). See also *Carlos v. Lane*, 275 Ga. 674, 675 (571 SE2d 736) (2002) ("[i]f the language is plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further. [Cits.]"). Because the intention of the Dohns in executing Paragraph 13 of the settlement agreement may be ascertained from the plain and unambiguous language the parties used therein, there was no need for interpretation of that language by the trial court or this Court.

I am authorized to state that Justice Thompson joins in this special concurrence.

DECIDED JULY 16, 2003.

*McCorkle, Pedigo & Johnson, Carl S. Pedigo, Jr., Patricia M. Murphy*, for appellant.
*Anthony L. Harrison*, for appellee.