A03A1735. DAVIS et al. v. ANDREWS.
(595 SE2d 357)

BARNES, Judge.

Frances Page Davis, Gail Page Watson, and Patricia Leland Andrews sued Mary Ruth Andrews as executrix of the estate of Henry Leland Andrews, Jr., asserting that the decedent had agreed in his 1967 divorce from Davis to maintain $25,000 of life insurance for the benefit of the couple's daughters, Watson and Patricia Andrews. The executrix contended in response that the decedent's obligation to maintain the life insurance ended when his daughters reached majority many years ago, and also raised other defenses. Following a bench trial, the trial court granted judgment to the executrix. For the reasons that follow, we affirm.

The agreement between Davis and the decedent, which was incorporated into their final divorce decree, provided:

The husband does hereby irrevocably name as beneficiarie[s] of certain insurance policies, to wit: A life insurance policy with Concrete Products, Inc. in the amount of $15,000.00 and a NSLI policy in the sum of $10,000.00, his said minor children, share and share alike. The husband

shall continue in force by the payment of premiums when due on said policies.

The plaintiffs contend that by agreeing to "irrevocably" name his children as beneficiaries of these two policies, the decedent agreed to carry the insurance until he died. The executrix contends that, considering the entire agreement as well as the use of the word "minor" to describe the children, who are now 45 and 51, Davis and the decedent intended that he continue the life insurance until the children reached the age of majority. The agreement also provided that custody of the minor children was granted to Davis, that the decedent would pay child support during the children's minority, and that the decedent would pay alimony to Davis beginning when the youngest child reached majority.

At trial, the executrix testified that she had been married to the decedent for eight years when he died, that the oldest daughter had visited their house twice and the youngest once during those eight years, and that, as far as she knew, the father and daughters had not exchanged telephone calls or cards during that time. Before he died, the decedent deeded 400 acres of "prime farmland" in North Carolina including the old homestead and its furnishings to the two daughters.

The trial court found that, at the time of the decedent's death, the policies named in the divorce agreement did not exist. It further found:

"Where it is urged that a spouse agreed to abrogate the firmly established legal principle that a parent's duty of support does not extend beyond the child's minority, the language of the settlement agreement will be strictly construed. Under this rule of strict construction, an intention to support the child into its majority will be found only if the agreement contains specific and unambiguous language to that effect." *Anderson v. Anderson*, 251 Ga. 508, 510 [(307 SE2d 483)] (1983). See also *Futch v. Futch*, 224 Ga. 350 [(161 SE2d 868)] (1968). Henry agreed to "irrevocably name" his "minor children" as beneficiaries of the insurance policies. There is no provision indicating that he intended to keep the policies in effect after the children reached their majority. This court therefore finds "that the insurance provision cannot be . . . construed as evidencing a manifest intention that the father's contractual obligation to name [plaintiffs] as his [beneficiaries] was to survive [their] minority." *Anderson*, supra, p. 510. Rather, this court concludes that such

provision would be enforceable only so long as the children were "minor children."

We find no error in the trial court's analysis of the issue. Compare *Dohn v. Dohn*, 276 Ga. 826 (584 SE2d 250) (2003) (trial court erred in interpreting divorce agreement to mean husband no longer required to maintain life insurance for wife even though alimony payments were not satisfied).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 18, 2004.

*Killian & Boyd, Robert P. Killian*, for appellants.
*James R. Coppage*, for appellee.