S03G0915. GUTHRIE et al. v. GUTHRIE.
(594 SE2d 356)

SEARS, Presiding Justice.

The appellee, Sandra Guthrie, and the decedent, Dallas Guthrie, were married in February 1998. Ms. Guthrie initiated divorce proceedings in April of 2000, and the parties participated in mediation ordered by the trial court. As a result of the mediation, the Guthries executed a settlement agreement, signed by the parties and their attorneys. Before the divorce court's consideration of the agreement, Dallas obtained new counsel, renounced the agreement, and moved

---

to set it aside. Dallas died before the divorce court had an opportunity to rule on the agreement or enter a decree of divorce. Thereafter, on motion by Dallas's attorney, the unadjudicated divorce proceeding was dismissed.[1]

The executors of Dallas's estate admitted his will to probate in Fulton County. Ms. Guthrie, in turn, brought the instant action in Fulton Superior Court to enforce the mediated settlement agreement. The executors answered, asserting that the agreement was unenforceable due to lack of consideration and thereafter filed a motion for summary judgment. In granting summary judgment to the executors, the trial court pronounced that it was acting in the nature of a divorce court in reviewing the settlement agreement and, relying upon *Mathes v. Mathes*[2] and other cases, the trial court exercised its discretion to reject the agreement and to grant summary judgment to the executors. The Court of Appeals disagreed and in *Guthrie v. Guthrie*,[3] reversed the trial court, finding that the court was only authorized to treat the matter before it as a contractual dispute, not a divorce case, and that it was error to summarily reject an otherwise valid contract because it arose out of a divorce proceeding. The Court of Appeals further determined that jury issues remained on the disputed issues of the decedent's mental capacity to enter into the contract and whether the contract was rescinded when appellee sought to have the settlement agreement set aside in order to obtain year's support and temporary alimony.

We granted the executors' petition for writ of certiorari to determine whether an agreement made between a husband and wife to settle issues in a pending divorce action can be enforced when a party to the agreement dies before the agreement has been approved by, or made a judgment of, the trial court. For the reasons that follow, we affirm.

1. The trial court erroneously determined that even though the divorce proceeding had abated, the settlement agreement was subject to the same review that applies in a pending divorce action. When a trial court is presented with a settlement agreement in a divorce proceeding, the divorce court may exercise its discretion in deciding whether to make any or part of the settlement agreement between the parties a part of the final decree.[4] Thus, similar to any pending proceeding, a trial court involved in the resolution of a divorce case may exercise the discretion it has over its " 'judgments,

---

[1] See *Segars v. Brooks*, 248 Ga. 427 (1) (284 SE2d 13) (1981) (an unresolved claim for divorce is purely personal and abates upon death).

[2] 267 Ga. 845 (483 SE2d 573) (1997).

[3] 259 Ga. App. 751 (577 SE2d 832) (2003).

[4] *Vereen v. Vereen*, 226 Ga. 500 (2) (175 SE2d 865) (1970).

orders and decrees during the term at which they are rendered . . . .'
[Cit.]"[5] The question of whether a settlement agreement made
between spouses in a divorce case should be approved and incorpo-
rated into the parties' decree of divorce remains within the discre-
tion[6] of the trial judge.[7] This discretionary power can only be exer-
cised at the time the divorce decree is entered or during the term of
court at which the decree incorporating the agreement was ren-
dered.[8]

  〉  Whereas in pending divorce cases the settlement agreement ulti-
mately becomes the "judgment of the divorce court itself," and is thus
subject to a trial court's "discretion to approve or reject the agree-
ment, in whole or in part, [cit.],"[9] the interpretation of a settlement
agreement that a party seeks to enforce outside of the parameters of
the divorce proceeding is strictly governed by the rules of contract
construction.[10] Moreover, *Eickhoff v. Eickhoff*[11] and *Brown v. Farkas*[12]
were cases in which the parties entered into a settlement agreement
during the pendency of divorce proceedings, did not present the
agreement to the trial court for approval, and the agreements were
not incorporated into the final judgments of divorce. Despite the lack
of review and approval by the divorce court, this Court enforced the
contracts, which did not conflict with the final judgments, under the
ordinary rules of contract construction.[13] In addition, we have held
that the enforceability of a settlement agreement disposing of prop-
erty upon marital separation does not turn on whether both parties
to the contract survive or on whether a final judgment of divorce is
entered.[14]

  For the foregoing reasons, we agree with the Court of Appeals
that the trial court should have evaluated the parties' agreement
under the ordinary rules of contract construction and thus erred by

---

[5] *Carswell v. Shannon*, 209 Ga. 596, 598 (2) (74 SE2d 850) (1953). See *Amos v. Amos*, 212 Ga. 670 (1) (95 SE2d 5) (1956).

[6] For example, the trial court can exercise its discretion to refuse to approve the agree-
ment where the agreement was procured by fraud or duress. *Williams v. Williams*, 243 Ga. 6 (2) (252 SE2d 404) (1979).

[7] *Vereen v. Vereen*, 226 Ga. at 501.

[8] *Barrett v. Manus*, 219 Ga. 693 (135 SE2d 430) (1964).

[9] *Bridges v. Bridges*, 256 Ga. 348, 350 (1) (349 SE2d 172) (1986).

[10] See *Kreimer v. Kreimer*, 274 Ga. 359 (1) (552 SE2d 826) (2001); *Edelkind v. Bou-
dreaux*, 271 Ga. 314 (2) (519 SE2d 442) (1999); *Brown v. Farkas*, 195 Ga. 653-654 (25 SE2d 411) (1943). See also *Eickhoff v. Eickhoff*, 263 Ga. 498 (435 SE2d 914) (1993), overruled on other grounds, *Lee v. Green Land Co.*, 272 Ga. 107, 108 (527 SE2d 204) (2000) (recognizing enforceability of judicially unsupervised contracts that resolve issues arising out of the dis-
solution of the marriage contract).

[11] 263 Ga. at 499-505.

[12] 195 Ga. at 653-654.

[13] See *Eickhoff*, 263 Ga. at 499-505; *Brown*, 195 Ga. at 653-654.

[14] See, e.g., *Simpson v. King*, 259 Ga. 420 (3) (383 SE2d 120) (1989).

evaluating the agreement under the rules that control when a trial court is determining whether to incorporate a settlement agreement into its final judgment of divorce.

2. The executors contend that the agreement was expressly contingent upon a decree of divorce being entered and approval by the court of the agreement. We disagree with this contention. To begin, the question whether the agreement was dependent upon the occurrence of these contingencies is controlled by the intent of the parties.[15] In this regard, "[w]e look first to the language employed in the agreement to determine the intent of the parties. If the language is plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further."[16]

Examining the language of the agreement in this case, we conclude that the parties clearly did not intend for the agreement to be contingent upon the approval of the agreement by the trial court and the granting of a final judgment of divorce. The agreement was executed on May 31, 2000, and its provisions were to begin taking effect either immediately or shortly after that date. For example, the agreement provided that on July 1, 2000, one month from the date the agreement was executed, the husband had to pay the wife $100,000; that on June 1, 2000, one day after the agreement was executed, the husband had to begin paying the wife $2,000 per month for 24 months; that these payments "[were] not subject to any contingency"; that on or before July 1, 2000, the husband had to pay the wife $5,000 for her attorney fees; and that within 30 days from the date the agreement was executed, the parties had to execute all the numerous documents that were necessary to pay loans, transfer property titles, and "effectuate this agreement." In sum, these provisions demonstrate that the parties intended for the agreement to be effective immediately and not contingent upon the granting of a divorce and the approval of the agreement by the trial court.

For the foregoing reasons, we hold that the Court of Appeals was correct in determining that the agreement could be enforced even where one of the parties died before the entry of a judgment of divorce.

*Judgment affirmed. All the Justices concur.*

---

[15] See *Cousins v. Cousins*, 253 Ga. 30, 31 (315 SE2d 420) (1984); *Carlos v. Lane*, 275 Ga. 674, 675 (571 SE2d 736) (2002). See Annotation, Separation Agreements: Enforceability of Provision Affecting Property Rights Upon Death of One Party Prior to Final Judgment of Divorce, 67 ALR4th 237 (1989).

[16] *Carlos*, 275 Ga. at 675. See Annotation, 67 ALR4th 237.

*James G. Killough*, for appellants.
*Martin L. Fierman*, for appellee.