## 18274. ATLANTIC COAST LINE RAILROAD COMPANY *v.* SOLOMON, administratrix.

JENKINS, P. J. 1. It can not held as a matter of law that the plaintiff would not be entitled to recover under the allegations of the petition

Appeal and Error, 4 C. J. p. 650, n. 37.
Death, 17 C. J. p. 1318, n. 11; p. 1326, n. 3; p. 1352, n. 25 New.
Master and Servant, 39 C. J. p. 822, n. 84; p. 823, n. 89, 90, 91; p. 1198, n. 40; p. 1247, n. 75; p. 1249, n. 92.

47

and the proof submitted in its support. *Sherrod* v. *A., B. & A. Ry. Co.,* 27 *Ga. App.* 510 (108 S. E. 908).

2. Contrary to the Georgia rule, under the Federal employer's liability act a plaintiff in a homicide case is entitled to recover only such damages as would represent the pecuniary value, capable of a monetary measurement, of the contributions which the decedent would probably have made for the benefit of the plaintiff beneficiary had he not been killed. *W. & A. Railroad* v. *Townsend,* 36 *Ga. App.* 70 (135 S. E. 439). Accordingly, in a suit under the Federal employer's liability act, where the plaintiff made proof as to the earning capacity and expectancy of the decedent, but made no proof as to his contributions to the plaintiff beneficiary, and where the judge charged the Georgia rule as to the measure of damages, under which the plaintiff would be entitled to recover the full value of the life of the decedent, a new trial is necessitated, since it was incumbent upon the plaintiff to establish the amount of probable contributions by the decedent to the plaintiff for which the defendant could be liable; and it can not be said, in the absence of any such proof, that the jury, under a correct instruction as to the measure of damages, would have awarded the amount named in the verdict. See, in this connection, *Tallulah Falls Ry. Co.* v. *Davis,* 26 *Ga. App.* 215 (105 S. E. 712).

3. The court in effect charged the jury that a failure on the part of the decedent to exercise ordinary care for his own protection would not prevent a recovery, but would merely go to a diminution of damages under the comparative-negligence rule, and refused to charge the converse proposition as requested by the defendant. *Held:* The rule in this respect under the Federal employer's liability act differs from the rule embodied in the State employer's liability act. *Sherrod* v. *A., B. & A. Ry. Co.,* supra. The Federal employer's liability act does not contain the provision embodied in the State statute to the effect that no recovery shall be had "if the person killed or injured brought about his death or injury by his own carelessness amounting to a failure to exercise ordinary care." Civil Code (1910), § 2782. Under the Federal employer's liability act, "where it appears that the negligence of the defendant and that of the plaintiff concurred in producing the injury, the negligence of both parties is to be deemed the proximate cause of the injury." *L. & N. R. Co.* v. *Paschal,* 145 *Ga.* 521 (1) (89 S. E. 620). Accordingly, unless the negligence of the plaintiff should be taken as constituting the sole proximate cause of the injury, a recovery of proportionate damages is not precluded by reason of the fact that his negligence might equal or exceed that of the defendant, and even though his negligence contributing to the injury might amount to a lack of ordinary care. *Watson* v. *Ga. So. & Fla. Ry. Co.,* 36 *Ga. App.* 452 (136 S. E. 921). "Under the Federal act, if the carrier is negligent in any degree and such negligence contributes as a proximate cause to the injury, plaintiff's right to recover can not be defeated although his negligence might have been gross and the negligence of the defendant comparable therewith slight. And a demurrer to the evidence or a nonsuit can not in any case under the Federal act be given or sustained on the ground of plaintiff's contributory negligence. Judge Knappen, speaking for the

Federal circuit court of appeals in Pennsylvania Co. *v.* Cole, . . [131 C. C. A. 248, 214 Fed. 948] said: 'But the employer's liability act expressly abrogates the common-law rule under which action was barred by the negligence of the plaintiff proximately contributing to the accident, and substitutes therefor the rule of comparative negligence. Under this act, no degree of negligence on the part of the plaintiff, however gross or proximate, can, as a matter of law, bar recovery.'" Roberts, Federal Liability of Carriers, 1039, § 582. Consequently, the court did not err in giving the charge excepted to, or in failing to charge as requested. In the instant case there was no evidence that the plaintiff's intestate could have known of the defendant's negligence until after his injury. Accordingly, whatever might be the rule under the Federal employer's liability act as to the principle of law concerning the failure of the deceased to exercise ordinary care to avoid the consequences of a defendant's negligence after such negligence was or should have been discovered, this principle could have no sort of application here, either under the doctrine of assumption of risk or otherwise, and for this reason the failure of the judge to charge such principle, inapplicable under the facts, could not in any event have been erroneous. See *Southern Railway Co.* v. *Wessinger,* 32 *Ga. App.* 551, 561 (124 S. E. 100).

4. Since the remaining exceptions to the charge relate to matters such as are not likely to occur upon a retrial of the case, it is deemed unnecessary to deal with them.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 18, 1928.

Damages; from Chatham superior court—Judge Meldrim. April 25, 1927.

Application for certiorari was made to the Supreme Court.

*Lawrence & Abrahams, F. R. Youngblood,* for plaintiff in error.
*Shelby Myrick,* contra.