## A07A1908. TADLOCK v. TADLOCK.

(660 SE2d 430)

BARNES, Chief Judge.

Joyce Tadlock appeals the grant of partial summary judgment to her stepson Allen Tadlock in her declaratory judgment action concerning the disposition of the settlement proceeds of a Federal Employers' Liability Act ("FELA") claim. She contends the trial court erred by (1) determining that a showing of dependence is not required for recovery under 45 USC § 59, (2) finding that a prenuptial agreement can bar recovery under 45 USC § 59, (3) granting Allen Tadlock's motion for partial summary judgment, and (4) denying her motion for summary judgment. Finding no reversible error, we affirm.

Bobby Gene Tadlock was injured while employed by the Norfolk Southern Railway Company. He filed suit against the railroad, and while the action was pending, he married Joyce Tadlock. Before they married, they signed an agreement that stated that each party would continue to own their personal property and that any remaining property of Bobby Gene Tadlock would go to his son, Allen Tadlock. They lived in Tennessee as husband and wife until he died a little over a year later, leaving his FELA claim for pre-death pain and suffering under 45 USC § 59, as well as a FELA claim for wrongful death under 45 USC § 51. These claims were settled but the settlement proceeds of over $600,000, after deducting for attorney fees and expenses, were not apportioned between the two types of claims. After this case was filed, these proceeds were paid into the registry of the court. Liability for the death or injuries to Bobby Gene Tadlock is not an issue in the appeal.

The primary issues in this appeal are whether the widow Joyce Tadlock or the son Allen Tadlock is the proper beneficiary of the FELA survival action claims under 45 USC § 59, for Bobby Gene Tadlock's pre-death pain and suffering, and whether the prenuptial agreement

between Bobby Gene Tadlock and Joyce Tadlock prohibits her recovery of these proceeds. Allen Tadlock seeks to recover the survival claim, but not the wrongful death claim, and Joyce seeks both. Further, Allen Tadlock acknowledges that even if the trial court is affirmed, we must remand the case to the trial court for further proceedings to determine how the proceeds should be divided between the two claims.

After first concluding that neither party was required to show dependency upon Bobby Gene Tadlock to recover under either code section, the trial court concluded that Allen Tadlock was entitled to recover at least a portion of the settlement. The court also ruled, however, "that Allen Tadlock is eligible for compensation under 45 USC § 51 [for wrongful death] because he is a child of Bobby Tadlock, but under the undisputed evidence, Allen Tadlock sustained no pecuniary loss as a result of Bobby Tadlock's death, and therefore has no compensable damages due to Bobby Tadlock's death." Allen Tadlock has not appealed that ruling.

1. On the claim under 45 USC § 59, the trial court ruled that, unlike wrongful death claims under 45 USC § 51, survival claims are not measured by the loss to the beneficiaries, but by the employee's damages, and consequently beneficiaries could recover even if the beneficiaries had suffered no pecuniary loss themselves because of the employee's death. Thus, Allen Tadlock was not required to show that he was dependent upon Bobby Gene Tadlock to recover under 45 USC § 59.

The trial court reasoned that 45 USC § 59 listed three categories of beneficiaries: (1) surviving widow or husband and children, (2) the employee's parents, and (3) the "next of kin dependent upon such employee," and that Congress only used the term "dependent" in the case of next of kin. Therefore, the court concluded that as Allen Tadlock was a child of Bobby Gene Tadlock, he was not required to show that he was dependent upon Bobby Gene Tadlock to recover. The trial court further reasoned that if Joyce Tadlock was correct, circumstances could exist in which neither the surviving spouse nor children could recover because they were not dependent upon the employee.

Applying Tennessee law, the trial court also found that the prenuptial agreement precluded Joyce Tadlock from recovering any part of the settlement attributable to the survival claim under 45 USC § 59 and allowed her to recover under the 45 USC § 51 claim only the amount that she was entitled to receive from Bobby Gene Tadlock under that agreement, i.e., "half of the bills to buy, maintain, or upkeep on said place to live."

The court ruled that Allen Tadlock was entitled to receive all of the survival claim under 45 USC § 59 because the prenuptial agreement stated that

> whatsoever monies coming in into [sic] said party (Bobby G. Tadlock) shall be sole owner and it shall also be agreed that whatsoever is left over after demise shall be awarded to son, Bobby Allen Tadlock, as sole owner of all assets belonging to Bobby G. Tadlock, free from all claims from Joyce Lynn Phillips or anyone else.

The court found that this agreement was executed while the FELA claim was pending and the term "monies coming in" obviously referred to that claim. By executing the agreement Joyce Tadlock waived her right to any claim against Bobby Gene Tadlock's estate for those proceeds. The handwritten agreement between Joyce Tadlock and Bobby Gene Tadlock states:

> WITNESSETH: That in consideration of the mutual covenants and agreements to be kept and performed on the part of said parties hereto, respectively, as herein stated, the said party of the first part [Bobby Gene Tadlock] does hereby covenant and agree that he shall:
>
> I. Be agreed upon that Bobby G. Tadlock, being in sound mind & body, does agree to enter into said marriage with Joyce Lynn Phillips. Being in sound mind & body . . . each party mentioned shall keep in sole possession & ownership all monies — stocks — houses & lands & cars and whatsoever monies coming in into [sic] said party (Bobby G. Tadlock) shall be sole owner and it shall also be agreed that whatsoever is left over after demise shall be awarded to son, Bobby Allen Tadlock, as sole owner of all assets belonging to Bobby G. Tadlock, free from all claims from Joyce Lynn Phillips or anyone else. Bobby Gene Tadlock shall maintain his bank accounts separately from Joyce Lynn Phillips. Bobby Gene Tadlock shall pay half of the bills to buy, maintain, or upkeep on said place to live.
>
> II. And said party of the second part [Joyce Lynn Phillips] covenants and agrees that [she] shall: That Joyce Lynn Phillips does hereby enter said marriage agreeing to above terms and that Joyce Lynn Phillips shall be sole owner of all monies — lands — cars, retirements and whatsoever she shall acquire . . . and that she shall designate all of her

earthly possessions to whomsoever she will free of all claim by Bobby G. Tadlock or anyone else. All goods acquired after the marriage shall be [in] the sole [ownership] of the person buying or paying for said items. Joyce Lynn Phillips shall keep & maintain her own monies as she sees fit. She shall keep & maintain her separate bank accounts.

Joyce Lynn Phillips shall pay half of the bills to buy, maintain, or upkeep on said place to live.

"Questions concerning the proper measure of damages in FELA cases, like questions of liability, are to be settled according to general principles of law as administered in the federal courts." *Seaboard System R. v. Taylor*, 176 Ga. App. 847, 849 (2) (338 SE2d 23) (1985). Consequently, when determining damages from the death of the employee, the measure is the pecuniary loss to the beneficiaries named in FELA, and not the amount which will compensate the estate. *Louisville &c. R. Co. v. Stewart*, 241 U. S. 261 (36 SC 586, 60 LE 989) (1916); *Louisville &c. R. Co. v. Stewart*, 161 SW 557, 559 (156 Ky. 550) (1913). Therefore, the plaintiff in a death case is entitled to recover only such damages as would represent the pecuniary value, capable of monetary measurement, of contributions which the deceased would probably have made for the benefit of the plaintiff beneficiary. *Atlantic Coast Line R. Co. v. Solomon*, 37 Ga. App. 737, 738 (2) (141 SE 917) (1928). The rule in survival claims under 45 USC § 59, however, is different. Survival claimants can recover special damages for past and future lost wages and medical expenses, as well as general damages for pain and suffering. *Norfolk Southern R. Co. v. Baker*, 237 Ga. App. 292, 297 (5) (514 SE2d 448) (1999).

In relevant part, 45 USC § 59 states:

Any right of action given by this act (45 USC §§ 51 et seq.) to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury.

Joyce Tadlock contends that she is entitled to all of the settlement proceeds because she is the widow of Bobby Gene Tadlock and because Allen Tadlock is an adult child, who, because he was not dependent upon Bobby Gene Tadlock, cannot recover.

Allen Tadlock contends, however, that the settlement proceeds should be apportioned between the two claims, the survival claim and

the wrongful death claim. He further contends that he is entitled to one half of the survival claim because he is the child of Bobby Gene Tadlock and that he is not required to show that he was dependent upon his father to be entitled to recover. He also contends that he is entitled to the other half of the survival claim because of the prenuptial agreement between Joyce Tadlock and Bobby Gene Tadlock.

Although Joyce Tadlock argues that we should not interpret two identically worded code sections differently, this argument fails to consider that 45 USC § 51 and 45 USC § 59 have different measures of damages. In 45 USC § 51 the claimants can only recover pecuniary loss as the decedent's dependents, but in 45 USC § 59 the claimants are entitled to recover the general damages for pain and suffering and special damages that Bobby Gene Tadlock would have been entitled to recover had he lived. Therefore, it is the nature of the damages under each code section that is determinative and not just the status of the Tadlocks as widow and son.

The trial court correctly decided this issue, and accordingly, its ruling that Allen Tadlock is entitled to a portion of this recovery must be affirmed.

2. We also find that the trial court correctly ruled that Joyce Tadlock was not entitled to the proceeds of the survival claim under 45 USC § 59. As no issue concerning the validity of the prenuptial agreement has been asserted by either party, that issue is not before us.

Although the prenuptial agreement in this case is not a release in the classic sense, it is sufficiently similar that we may look to the law on releases to determine the validity and scope of the agreement between the Tadlocks. In these cases,

> federal law governs substantive issues as to the validity of a release. The party attacking the release must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted.

(Citations and punctuation omitted.) *Loyal v. Norfolk Southern Corp.*, 234 Ga. App. 698, 699 (507 SE2d 499) (1998). Further, the United States Supreme Court has held that releases in FELA claims have the same effect as any other release, in that they may be used to settle or compromise FELA claims, and are not invalid attempts to escape liability. *Callen v. Pennsylvania R. Co.*, 332 U. S. 625, 630-631 (68 SC 296, 92 LE 242) (1948).

Although Bobby Gene Tadlock could not control the disposition of the survival claim's proceeds, FELA claimants can waive their entitlement to the proceeds of FELA claims. See *In re Marriage of*

*Waeckerle*, 219 Ill. App. 3d 937 (579 NE2d 1275) (1991). In Georgia, when construing a domestic or nondomestic prenuptial agreement,

> the goal is to look for the intent of the parties. We look first to the language employed in the agreement to determine the intent of the parties. If the language is plain and unambiguous and the intent may be clearly gathered therefrom, we need look no further. In construing a settlement agreement, the determining factor is not the presence of "magic words," but the usage of very clear waiver language that specifically refers to the right to be waived.

(Citation and punctuation omitted.) *Carlos v. Lane*, 275 Ga. 674, 675 (571 SE2d 736) (2002). After considering the agreement executed by Bobby Gene and Joyce Tadlock, we find that the agreement contemplated the FELA claim and that Joyce Tadlock agreed to waive any claim she might have had to the proceeds.

We find no support for her argument that the agreement could not affect her wrongful death entitlements under FELA because that claim did not arise until Bobby Gene Tadlock's death. The underlying claim existed prior to Bobby Gene Tadlock's death; it was his existing claim for his injuries. 45 USC § 59 merely allows the existing claim to survive his death.

Further, Joyce Tadlock's argument ignores the differences between the wrongful death claim, which everyone concedes she is entitled to recover, and the survival claim, which was Bobby Gene Tadlock's property before he died and is subject to the prenuptial agreement. While Bobby Gene Tadlock could not unilaterally deprive Joyce Tadlock of her right to recover under federal law, Joyce Tadlock could agree not to exercise her rights, and that is what she did. Therefore, this enumeration of error is also without merit.

Accordingly, the trial court did not err by denying Joyce Tadlock's motion for summary judgment and by granting partial summary judgment to Allen Tadlock. The judgment of the trial court is affirmed and the case is remanded for further proceedings to determine how the settlement proceeds should be apportioned between the survival claim under 45 USC § 59 and the wrongful death claim under 45 USC § 51.

*Judgment affirmed and case remanded for further proceedings. Smith, P. J., and Miller, J., concur.*

*Warshauer, Poe & Thornton, Michael J. Warshauer, Lyle G. Warshauer,* for appellant.

*Waldrep, Mullin & Callahan, Neal J. Callahan, Charles M. Cork III,* for appellee.